Helen A. COHEN, Plaintiff-Appellant,

v.

ILLINOIS INSTITUTE OF TECHNOLO-GY, an Illinois not-for-profit Corporation, James J. Brophy, John T. Rettaliata and Maynard P. Venema, Defendants-Appellees.

No. 77–1477.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1978.

Decided Aug. 2, 1978.

As Amended on Denial of Rehearing and Rehearing In Banc Aug. 28, 1978.

**660**

Gerald S. Rose, Chicago, Ill., for plaintiff-appellant.

E. Allan Kovar, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, WOOD, Circuit Judge, and EAST, Senior District Judge.*

EAST, Senior District Judge.

Plaintiff-appellant Helen A. Cohen (Cohen) appeals from the District Court's decision denying her motion to amend her civil rights complaint against the Illinois Institute of Technology, a private Illinois corporation, (IIT) and named officials on the ground that the proposed amendment failed to cure the original defect in the complaint. We affirm.

## FACTS

Cohen, formerly an untenured assistant professor at IIT, instituted this action against IIT and certain members of the administration alleging sex discrimination in promotion and salary in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and through pendent jurisdiction under Sections 2, 17, and 18 of the Illinois Constitution.[1] The nature of the factual background is developed in this Court's first opinion, *Cohen v. Illinois Institute of Technology*, 524 F.2d 818 (7th Cir. 1975), *cert. denied*, 425

U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976), (*Cohen I*) and will not be repeated here.

On October 29, 1974, the District Court dismissed the original complaint, 384 F.Supp. 202 (N.D.Ill.1974), against both the corporate and individual defendants primarily on the theory that Cohen had failed to allege the requisite state action. This Court in *Cohen I* affirmed. Thereafter Cohen moved this Court for leave to file an amended complaint in the District Court under Fed.R.Civ.P. 15(a) and 60(b) in an attempt to cure the complaint's defects noted in *Cohen I*. The motion was denied for want of jurisdiction.

Subsequently, Cohen moved the District Court for leave to file an amended complaint which was also denied for want of jurisdiction. Thereupon Cohen petitioned this Court and was granted a writ of mandamus directing the District Court to consider the merits of her motion to amend her complaint. The District Court heard the parties on the merits and on March 25, 1977 denied the motion to amend on the ground that the "proposed amendment does not overcome the deficiencies originally pointed out in her complaint." Cohen appeals from that order.

## ISSUE ON APPEAL

Whether the District Court properly denied Cohen's motion to amend her complaint.

## DISCUSSION AND RESOLUTION
### Denial of the Motion to Amend

**A.  Section 1983 Claim**

In *Cohen I*, we noted that the allegations with respect to state action covered four

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. In 1971, after IIT repeatedly and without explanation failed to grant her a tenured position in spite of the favorable recommendations of her department head and colleagues, Cohen filed a complaint with HEW. "After an investigation, the Regional Civil Rights Director reported that there was reasonable cause to conclude 'that Dr. Cohen was discriminated against because of her sex . . ..'" *Cohen*

*v. Illinois Institute of Technology*, 524 F.2d 818, 822 (7th Cir. 1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976). No Title VII action was brought, however, because the alleged discriminatory conduct took place before the 1972 amendment to the Civil Rights Act of 1964 which deleted the exemption previously extended to educational institutions. Further notwithstanding that the extension of federal aid to IIT·is contingent upon nondiscriminatory conduct, HEW has not, as yet, taken any action to remedy Cohen's situation.

areas: (1) a name suggestive of a state identity; (2) extensive state regulation of the school; (3) the State's failure to take affirmative steps to stop the discrimination; and (4) state financial and other support of the school. Only the scope of the District Court's ruling on the element of financial support is at issue here. In *Cohen I,* we stated that two conclusions could be drawn with respect to the allegations that the existing level of state financial support to IIT was sufficient to constitute state action. The first was that the relatively small amount of financial support extended to IIT by the State was such that "the school is not so heavily dependent on the State as to be considered the equivalent of a public university for all purposes and in all its activities.[18]" Note 18 gave examples of funding levels, "significantly greater than that which could possibly be proven here," which might be sufficient; *e. g.,* 54%.[2] The second conclusion was that the level of state financial support to IIT "is sufficiently significant to require a finding of state action if that support has furthered the specific policies or conduct under attack." In this vein, we emphasized, however, the absence of any factual allegation in the complaint establishing that the State had "supported," "approved" or had "actual knowledge" of any alleged discriminatory conduct. 524 F.2d at 824, 825 and 826.

In short, it was held that if the private entity was not so dependent for its existence on the State so as to be considered a public entity for all purposes, then the conduct of the entity was to be considered state action only if there was a connection or nexus between the State's support and the specific conduct under attack.

To cure the defect in her complaint, Cohen sought leave to amend it by adding the following paragraph:

"8. . . . (o) the aid and support provided by the State of Illinois, as alleged in subparagraphs (h), (i), (m), and (n) hereof, significantly supports and con-

tributes to the effectiveness of the Defendants' conduct complained of herein. The Defendant INSTITUTE is dependent on such State support, and upon similar Federal support, for its continued operation. Both the State and the Federal support are contingent upon the Defendants' not engaging in discriminatory hiring or employment practices, and the continuation of such support constitutes State and Federal approval of the conduct complained of herein."

In denying Cohen's motion to amend, the District Court held:

"Financial support by the State or Federal Government does not make the defendant a public body, and its acts of alleged discrimination are not taken under color of law unless they are affirmatively supported or required by a State Government. *Cannon v. University of Chicago,* [559 F.2d 1063 (7th Cir. 1976)]. The new allegation merely alleges the condition upon which financial support is granted to the defendants, except for the conclusory speculation that this 'constitutes State and Federal approval' of defendants' alleged discriminatory practices. In our opinion, this does not allege affirmative governmental support or approval of any discriminatory act or policy of defendants (524 F.2d at 824) and, in fact, contradicts the prior reasonable allegation that government financial support is contingent upon non-discrimination."

IIT correctly points out that the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court. *Esquire Restaurant, Inc. v. Commonwealth Ins. Co. of New York,* 393 F.2d 111, 116 (7th Cir. 1968); *Kamsler v. H. A. Seinscheimer Co.,* 347 F.2d 740, 742 (7th Cir.), *cert. denied,* 382 U.S. 837, 86 S.Ct. 84, 15 L.Ed.2d 79 (1965). Nevertheless the hallmark of sound judicial discretion is the lawfulness of the action taken. In that vein, IIT contends that the

---

2. Thus, *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir. 1975), and *Braden v. University of Pittsburgh,* 477 F.2d 1 (3d Cir. 1973), and 552 F.2d 948 (3d Cir. en banc 1977), presented

different situations as there the extent of state contributions was in doubt, necessitating a remand.

District Court's action was lawful and correct in that (1) a party has no right to amend a complaint after a final decision has been appealed and decided on appeal; (2) the changed law and new evidence requirements of Fed.R.Civ.P. 60(b) have not been met; and (3) the substance of the proposed amendment was inadequate.

Basically Cohen argues that because this Court directed the District Court to consider and decide the merits of her motion to amend and because the content of the proposed amendment contained the precise language noted by this Court to have been missing from the original complaint, the District Court under the law of the case doctrine had no power to deny the motion to amend on the ground that it was insufficient. Cohen also argues that the requirements of Rule 60(b) have been met.

■ IIT's initial contention that Cohen had no right to amend because she elected to stand on her complaint and lost on appeal is without merit. Amendment in either the appellate or trial court is generally not allowed in such situations (3 Moore's Federal Practice (2d ed.) ¶ 15.11 at 967), as a contrary rule would in effect allow interlocutory appeals (*id.* at n. 1). However, an amendment can be allowed with leave of the Court of Appeals. *Asher v. Harrington,* 461 F.2d 890 (7th Cir. 1972); 3 Moore's Federal Practice (2d ed.) ¶ 15.11 at 967. This may be accomplished either by the appellate court itself granting leave to amend or by remanding to the District Court to consider the motion. *Id.* at 970. The practice in this Circuit ordinarily is to remand for consideration, *Asher,* 461 F.2d at 895, and in effect such action was taken in this case via the writ of mandamus.

■ As to IIT's second contention, we are satisfied that Cohen's failure to formally seek relief from the finality of the District Court's judgment in *Cohen I* through a channel or channels of Rule 60(b) was no bar to the District Court's consideration of Cohen's motion to amend. The issuance by this Court of the writ of mandamus directing the District Court's consideration of Cohen's motion was comparable to a vacation of the District Court's *Cohen I* judgment. *Compare* 6 Wright & Miller [Federal Practice and Procedure] § 1489 at 449 and *Asher v. Harrington,* 461 F.2d at 895.

■ The third argument made by IIT is the same as that relied upon by the District Court, *viz.,* the substance of the proposed amendment is not sufficient to cure the defective allegation of state action. In framing the language of the proposed amendment, Cohen endeavored to come under our language in *Cohen I* stating that certain private entities could be considered public "in all [their] activities" if they were "heavily dependent on the State," 524 F.2d at 825. The other allegations sought to allege the connection required between state support and the challenged conduct for private entities not dependent on state support. *Id.*

With regard to the dependency allegation, the District Court found that "[f]inancial support by the State or Federal government does not make the defendant a public body, . . ." relying on *Cannon v. University of Chicago,* 559 F.2d 1063 (7th Cir. 1976), *appeal docketed,* —— U.S. ——, 98 S.Ct. 3142, 57 L.Ed.2d 1159 (1976). *Cannon,* presented with a similar factual setting, held "even assuming financial aid and assistance by the State in whatever amounts, such aid and assistance is insufficient for jurisdiction under § 1983 unless it can be shown that the State has 'affirmatively supported' the particular conduct challenged here." *Id.* at 1071.

In addition to the rule of *Cannon,* the new dependency allegation is still insufficient. In our 1975 opinion affirming the dismissal of the complaint, we found more than the absence of an allegation of dependency. We also found that "the amounts allegedly paid to I.I.T. by the State of Illinois do not demonstrate [the necessary dependency]." 524 F.2d at 825, n. 19. Cohen has added only a conclusionary allegation of dependency; she has not alleged any additional amount of state aid.

Thus, she has failed to cure this defect in her complaint.[3]

Addressing the new allegations of a connection or nexus between the state support and the discriminatory conduct, the District Court found that the new allegations merely stated the condition upon which the state support was rendered (nondiscrimination) plus the insufficient "conclusory speculation" that continued support in the face of discriminatory conduct amounted to approval of the conduct.

■ The controlling standard, as set forth in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), is that an action may be dismissed for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Furthermore, a pleading is insufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions. *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971); *Kennedy v. Landing,* 529 F.2d 987, 989 (9th Cir. 1976). Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act. *Kadlec v. Illinois Bell Telephone Co.,* 407 F.2d 624, 627 (7th Cir.), *cert. denied,* 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95 (1969). *See Cannon,* 559 F.2d at 1069; and *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971). *See also Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir. 1976); *Kauffman v. Moss,* 420 F.2d 1270, 1275 & n. 13 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *Anderson v. Sixth Judicial District Court,* 521 F.2d 420, 420–21 (8th Cir. 1975).

In *Illinois Migrant Council v. Campbell Soup Co.,* 519 F.2d 391 (7th Cir. 1975), this Court was faced with the need to make a similar determination. However, unlike the complaint now before us, appellants there alleged specific facts which constituted a sufficient claim to establish that a "residential community" maintained by the defend-

ants was a "company town" within the meaning of *Marsh v. Alabama,* 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946), to warrant a finding of the requisite state action under 42 U.S.C. § 1983.

We agree with the District Court that the proposed amendment "does not allege affirmative governmental support or approval of any discriminatory act or policy of defendants."

■ Lastly, the District Court was not stripped of its discretionary power to deny the motion to amend the complaint because of the law of the case doctrine. *Cohen I* set out the general nature of the allegations needed but did not state what specific facts need be alleged. In failing to specify what underlying facts would be sufficient to support such a general allegation, we did not obviate the requirement of including the necessary factual allegations. Hence, Cohen's repetition of broad conclusions without additional facts establishing that the defendants acted under color of state law in their discrimination against her is insufficient. Nothing more than general categorizations are to be found in the proposed amendment; a mere recitation of broad conclusory language misses the mark. As we fail to see how the proposed amendment escapes the deficiencies of its precursor, we hold that the amended complaint, like the original, fails to state a federal cause under 42 U.S.C. § 1983.

#### B. *Section 1985(3) Claim*

■ The § 1985(3) claim was brought against several administrators and alleged that they conspired to engage in sex discrimination, thereby depriving Cohen of her Fourteenth Amendment right to the equal protection of the laws. *Cohen I* held that normally a § 1985(3) action can reach a purely private conspiracy as long as the deprivation of a federal right was alleged. The District Court's dismissal was affirmed, as an allegation of state action is necessary

---

**3.** The fact that she now argues that huge amounts of federal aid go to the school is of no consequence because "the fact that there is

federal support cannot be used to create § 1983 jurisdiction." *Cannon,* 559 F.2d at 1071 n. 8, and cases cited therein.

where, as here, the federal right relied upon is one requiring an element of state action.

■ The District Court, again concluding an absence of alleged state action underlying the § 1983 claim, also denied the amendment as to the § 1985(3) claim stating:

"The same jurisdictional defect applies to Plaintiff's claim under § 1985(3) against the corporate defendant's officials. As was originally pointed out by the Court of Appeals at 524 F.2d 828, the claim under this section must allege deprivation of a Federally protected right. The right if claimed, as here, under the Fourteenth Amendment, must have been interfered with by some kind of State action, which is absent in this case. *Murphy v. Mount Carmel High School,* 543 F.2d 1189, 1193 (7th Cir. 1976)."

We also hold that the amended complaint, like the original, fails to state a federal cause under 42 U.S.C. § 1985(3).

The decision of the District Court denying Cohen's motion to amend the complaint and entered on March 25, 1977 is affirmed.

AFFIRMED.