755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J & K HOME IMPROVEMENT CO., INC. A WEST VIRGINIA
CORPORATION, LENVILLE SPENCER, PRESIDENT,
PLAINTIFF-APPELLANTS,
v.
RUBY RILEY AND LYNN COMES, DEFENDANTS-APPELLEES.
 NO. 84-5787
 United States Court of Appeals, Sixth Circuit.
 1/14/85
 
 ORDER
 BEFORE: KEITH, JONES and KRUPANSKY, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This is the second time this case has been before the Court on appeal. In the prior appeal, Case No. 83-5476, this Court affirmed the district court's dismissal of the complaint and denial of plaintiff's motion to file an amended complaint. Subsequently, plaintiff again moved in the district court to file an amended complaint. The district court denied the motion on August 16, 1984, and plaintiff now appeals. Defendants have filed a motion to dismiss the appeal as frivolous.
 
 
 3
 Plaintiff is not entitled to amend his complaint after he has appealed its dismissal. See Cohen v. Illinois Institute of Technology, 581 F.2d 658 (7th Cir. 1978), cert. denied, 439 U.S. 1135 (1979); 3 Moore's Federal Practice p 15.11, (2d ed. 1984). In addition, the amended complaint tendered in this case suffers from the same deficiencies as the complaint originally dismissed. Most of the defendants named are private parties who are not alleged to have acted under color of state law. Although the tendered amended complaint includes a county district judge, a county sheriff and an unnamed county attorney, there are no allegations against these defendants which amount to a constitutional violation. Plaintiff merely alleges he was arrested on 'illegal warrants.' These allegations are conclusory at best and cannot support a civil rights action. Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971).
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).