785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANDREW B. ELY EL, Plaintiff-Appellant,
v.
STATE OF OHIO; ARNOLD R. JAGO, SUPERINTENDENT; CAPTAIN
SWIGERT; GEORGE SMITH; MR. BEECHOLD; MR. TICKLE,
Defendants-Appellees.
 85-3488
 United States Court of Appeals, Sixth Circuit.
 1/16/86
 
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff is appealing from a judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is an inmate of the Ohio Correctional Institution in London, Ohio. On February 8, 1984, he filed a complaint against the superintendent and other officials of the institution, setting forth the following claim:
 
 
 3
 Request of redress for ideal, company seal, and future patents being used by any employee of the State of Ohio, identification and any and all documents pertaining to Mr. Ely Prefix Andrew B. Suffix El Iyass Abdullah Ar Rafi David Suliman; any and all organizations or Masonic organizations slandering, libel, or causing physical abuse to Mr. Ely Prefix Andrew Buster Suffix El Iyass Abdullah Ar Rafi David Suliman of London, Ohio or the State of Ohio. Songs, poems, letters, and ideas by Ely, Andrew Buster Ely El Iyass Abdullah Ar Rafi David Suliman or any combination of the suffixes, prefixes, that Ely may use. Use of Mr. Ely El Federal Business Registration Number. Total request of claim Three Billion Dollars.
 
 
 4
 On February 7, 1984, the district court entered an order expressing its opinion that the complaint failed to state a claim for relief. However, the court afforded plaintiff 30 days to amend his complaint in the following manner: '[B]y filing an affidavit stating as to each defendant: 1. The action he took which deprived you of a constitutional right. 2. The date of that action. 3. The injuries you suffered.'
 
 
 5
 On February 21, 1984, plaintiff filed (but did not serve on defendants) an affidavit setting forth numerous allegations. His primary allegations, however, were threefold: 1) That defendants' actions (or inactions) had subjected him to sexual molestation by other prisoners; 2) that defendants had refused to mail certain correspondences written by the plaintiff, including a letter to the F.B.I., letters to private religious organizations, and letters containing ideas, poems, songs, math formulas and patents developed and written by the plaintiff; and 3) that defendants refused to allow plaintiff visitors at the prison.
 
 
 6
 On July 3, 1984, defendants moved to dismiss plaintiff's action on the basis that plaintiff had failed to serve upon them his affidavit amending the complaint. On January 21, 1985, the district court entered a one-sentence order which read as follows: 'Defendants' July 3, 1984 motion to dismiss is GRANTED for the reasons stated in the Court's February 7, 1984 Order.'
 
 
 7
 It is difficult to discern from the order of January 21, 1985 whether the district court reviewed plaintiff's affidavit of February 21, 1984. Failure to review the document would constitute error. However, this Court can affirm on any basis supported by the record, ignoring if necessary an erroneous basis relied upon by the district court. County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984); M. J. Whitman & Co. v. American Financial Enterprises, Inc., 725 F.2d 394, 396 (6th Cir. 1984).
 
 
 8
 In this case, plaintiff was afforded 30 days in which to define and clarify his complaint. He was asked specifically to state which defendant committed the wrongs alleged, when the acts occurred, and the injuries which resulted. Instead, plaintiff filed an affidavit which failed to identify the tortfeasor, the dates of the occurrences, or the specific injuries which resulted. Under Haines v. Kerner, 404 U.S. 519 (1972), plaintiff's pro se complaint and affidavit must be liberally construed. However, even under a liberal construction, plaintiff's pleadings failed to comply with the district court's order and were properly dismissed as conclusory. Rodes v. Municipal Authority of the Borough of Milford, 409 F.2d 16 (3d Cir.), cert. denied, 396 U.S. 861, reh. denied, 396 U.S. 950 (1969); Cohen v. Illinois Institute of Technology, 581 F.2d 658, 663 (7th Cir. 1978), cert. denied, 439 U.S. 1135 (1979).
 
 
 9
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.