786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL BOYD, Plaintiff-Appellant,
v.
HUGH WRIGHT STANTON, JR., JUDGE ARTHUR BENNETT, JOHN C.
HOUGH, AND FELTON J. EARL, Defendants-Appellees.
 85-5577
 United States Court of Appeals, Sixth Circuit.
 2/26/86
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and NELSON, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Despite a request from the Court, the appellant has not submitted an informal brief. After examination of the record and the appellant's motion, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Michael Boyd is appealing the dismissal of his Civil Rights action as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). The appellant's complaint states that he was 'maliciously prosecuted by and through the rubber-stamp malpractice-judicial system.' Boyd requests $25,000,000 from each defendant in compensatory and punitive damages. The appellant is presently incarcerated at Tennessee State Penitentiary. He is suing several officials in Shelby County, Tennessee: the judge of the criminal court, the grand jury foreman, and the attorney general. He has also sued his trial counsel, Hough, a public defender.
 
 
 3
 The district court dismissed because the defendants, with the exception of the public defender, were being sued as a result of actions taken in their official capacities. The action against Hough was dismissed because a public defender does not act under color of state law in defending a criminal defendant.
 
 
 4
 Although the district court has broad discretion to dismiss a complaint as frivolous under Sec. 1915(d), this Court must independently examine the complaint to determine whether it is frivolous; pro se complaints are to be liberally construed in favor of the plaintiff. Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). 'An action is frivolous under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief'. Id. at 261.
 
 
 5
 The appellant's action is based upon malicious prosecution. The allegations against the county officials only concern their actions in the context of their judicial and prosecutorial functions; therefore, the action against these individuals is barred via absolute immunity. Pierson v. Ray, 386 U.S. 547 (1967); Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 6
 In respect to defendant Hough, the public defender in a state criminal prosecution does not act under color of state law in the normal course of conducting the defense, unless the plaintiff alleges intentional misconduct by virtue of an alleged conspiracy action with state officials. Tower v. Glover, ---- U.S. ---- 104 S.Ct. 2820 (1984). The appellant does not allege a conspiracy in his complaint and therefore has not stated a cause of action in this respect.
 
 
 7
 Even if immunity was not applicable to this Civil Rights action, the appellant's complaint is deficient on its face. It is conclusory and simply does not set forth sufficient facts to state a claim. See Cohen v. Illinois Institute of Technology, 581 F.2d 658, 653 (7th Cir. 1978), Rodes v. Municipal Authority of Borough of Milford, 409 F.2d 16 (3rd Cir. 1969).
 
 
 8
 Accordingly, it is ORDERED that the motion for counsel is denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.