J.C. SCOTT

v.

Gary R. McCAUGHTRY, Patrick Fiedler and Terry Landwehr.

No. 91–C–510.

United States District Court, E.D. Wisconsin.

Nov. 6, 1992.

---

Robert G. Bramscher, Bramscher Law Offices, Kenosha, WI, for plaintiff.

Eileen W. Pray, Wisconsin Dept. of Justice Office of the Atty. Gen., Madison, WI, for defendant.

## MEMORANDUM AND ORDER

WARREN, Senior District Judge.

Before this Court is the defendants' Rule 12(b)(6) motion to dismiss the plaintiff's original and proposed complaints filed under 42 U.S.C. § 1983.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The *pro se* plaintiff, J.C. Scott ("Scott"), is currently on parole and residing in Kenosha, Wisconsin. On December 31, 1991, Scott, then an inmate at the Waupun Correctional Institute, "signed-out" to go to his place of work in Kenosha, Wisconsin. Later that same day, the Kenosha Correctional Center received a telephone complaint that Scott wrongfully visited his wife during work hours. As a result, he was taken to the Kenosha County Jail.

On January 1, 1991, Scott received a conduct report and on January 24, 1991, the Kenosha disciplinary committee held a hearing. The committee found Scott guilty of disobeying orders (DOC § 303.24), being in an unassigned area (DOC § 303.51), and violating institutional policies and procedures (DOC § 303.63). The committee referred him to the program review committee (PRC) for a determination of the proper security classification in light of the new disciplinary infractions. On January 28, 1991, Scott was given a PRC hearing and his security classification was upgraded from minimum to maximum. Scott appealed the PRC's decision and on February 4,

1991, the superintendent entered an order of affirmance.

On February 10, 1991, Scott appealed the superintendent's decision and on February 24, 1991, a corrections complaint examiner awarded him a new hearing.[1] The new hearing was recommended because Scott "had not been allowed sufficient time to prepare a defense, and had not been allowed to attend the program review committee hearing." (Plaintiff's Exhibits V and W). Scott was given a second hearing on April 12, 1991 and was subsequently found guilty. He did not appeal this decision. As a result, Scott received ninety days in program segregation and his mandatory release date was extended by five days.

In the meantime, on May 10, 1991, Scott filed a writ of certiorari in Dodge County Circuit Court concerning the April 12, 1991 hearing. On October 4, 1991, the state court reversed the prison disciplinary decision and ordered it expunged from Scott's records.

Scott filed this present action with this Court on May 17, 1991. In his original complaint filed pursuant to 42 U.S.C. § 1983, Scott sought monetary relief for alleged 14th Amendment due process violations that occurred in the course of a disciplinary hearing and program review hearing (PRC) in January and February of 1991. Also, in his original complaint, Scott improperly named Tom L. Landwehr as the superintendent of the Kenosha Correctional Institution and a defendant to this action. No Tom L. Landwehr is employed by the Department of Corrections and at the times relevant to this action, Kenneth Morgan was the superintendent of the Kenosha Correctional Institution. However, in the exhibits attached to the plaintiff's complaint, Terry L. Landwehr signed the appeal form of the plaintiff's disciplinary hearing, as designee of the superintendent of the Wisconsin Correctional Center System. Landwehr, at the times relevant to this action, was the Southern Section Chief

---

**1.** The plaintiff's Exhibits V & W indicate that the inmate complaint investigator, not the corrections complaint examiner, recommended a new disciplinary hearing, not a new PRC hearing.

of the Wisconsin Correctional Center System.

In an order dated June 19, 1991, this Court granted Scott's motion to proceed *in forma pauperis.* Subsequently, the defendants filed a motion to dismiss, while Scott moved to amend his original complaint. The case was referred to Magistrate Judge Aaron E. Goodstein for a recommendation on the motions.

In his proposed amended complaint, Scott claimed that the second hearing, which he did not dispute in the original complaint, was constitutionally flawed. Scott sought monetary damages for alleged 14th Amendment due process violations at the second hearing when the hearing officer failed to produce needed witnesses. He also alleged that the defendants' acts were done with the purpose and intent of depriving him of his Fourteenth Amendment due process rights and that they subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Scott further alleges that no adequate state post-deprivation remedies exist. Finally, Scott sought to add as defendants Gary McCaughtry, Warden of the Wisconsin Correctional Institution, and Patrick Fiedler, Secretary of the Department of Corrections for the State of Wisconsin.

The defendants assert three grounds for the dismissal of Scott's 42 U.S.C. § 1983 action: first, no post-deprivation procedure would prevent the kind of random and unauthorized conduct alleged by the plaintiff and that the plaintiff had adequate state post-deprivation remedies; next, plaintiff failed to establish the superintendent's and the other defendants' personal involvement in the violation of the plaintiff's constitutional rights; and finally, plaintiff failed to present a sufficient claim demonstrating violation of the plaintiff's Eighth Amendment rights.

On *June 18, 1992,* the Magistrate recommended that the Court deny the defendants' motion to dismiss on all claims except the plaintiff's Eighth Amendment claim and to grant the plaintiff's motion for leave to file an amended complaint. The defendants filed a timely objection pursu-

ant to 28 U.S.C. § 636(b)(1). The defendants specifically object to the Magistrate's finding that the plaintiff does not have available an adequate state post-deprivation remedy.

## II. LEGAL FRAMEWORK

### A. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) a district court is authorized to designate a magistrate to conduct a preliminary hearing into a matter. The magistrate shall then issue proposed finding of fact and tender a recommendation for the matter's disposition to the district court. The court then has the option to adopt, reject or modify the magistrate's findings and recommendations. When the magistrate issues a recommendation on a dispositive motion, the district court's standard of review is *de novo. See Govas v. Chalmers,* 965 F.2d 298 (7th Cir. 1992); Fed.R.Civ.P. 72(b).

### B. MOTION TO DISMISS

In evaluating a Rule 12(b)(6) motion to dismiss, the district court must decide whether the pleading actually states a claim upon which relief can be granted. *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 757 (7th Cir.1988). The well-pleaded allegations contained in the plaintiff's complaint must be taken as true and the *pro se* complaint must be given a liberal construction. *Gregory v. Nunn,* 895 F.2d 413, 414 (7th Cir.1990). In addition, the Court views the allegations in the complaint in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1104 (7th Cir. 1984); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984). As a result, the Court will not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. *Williams v. Faulkner,* 837 F.2d 304, 307 (7th Cir.1988), *aff'd,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### III. ANALYSIS

█ As the first ground in support of the motion to dismiss, the defendants main-

tain that plaintiff's procedural due process claims should be dismissed because no pre-deprivation procedure would prevent the kind of random and unauthorized conduct which occurred during the disciplinary and program review (PRC) hearings in January and February of 1991 and because he had adequate remedies available under state law. *Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 987, 108 L.Ed.2d 100 (1990), *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *Easter House v. Felder,* 910 F.2d 1387 (7th Cir.1990) ("Easter House II"), *cert. denied,* — U.S. —, 111 S.Ct. 783, 112 L.Ed.2d 846 (1991) [2], *Toney–El v. Franzen,* 777 F.2d 1224, 1227–1228 (7th Cir.1985), *Duenas v. Nagle,* 765 F.Supp. 1393 (W.D.Wis.1991).

In opposition, the plaintiff contends that "it is quite clear from the facts as stated in the complaint and attached amended circuit court decision that the events cited were far from random," and that "[t]wo hearings were held and both were seriously procedurally flawed to the point that the second determination by the State Prison Systems was summarily reversed by the Circuit Court Judge who used extremely strong language in pointing out the constitutional deprivations to which the plaintiff had suffered." (Plaintiff's Memorandum in Opposition to Motion to Dismiss at 1–2).

The Magistrate concluded that the plaintiff alleged random and unauthorized violations of state procedural rules and that no pre-deprivation procedures could have prevented the conduct alleged by the plaintiff in his complaint. However, the Magistrate recommended that the 42 U.S.C. § 1983 claim should not be dismissed because the plaintiff did not have an adequate state post-deprivation remedy through the writ of certiorari and the inmate grievance system.

This Court adopts the Magistrate's finding that the plaintiff's allegations of random and unauthorized conduct were not preventable by the state through pre-deprivation procedures. However, this Court rejects the Magistrate's conclusion with regard to adequate state post-deprivation remedies.

■ The due process clause of the Fourteenth Amendment requires that a hearing be held *before* the state deprives a person of liberty or property. *Zinermon,* 494 U.S. at 127, 110 S.Ct. at 984. However, where a pre-deprivation hearing is unduly "burdensome in proportion to the liberty interest at stake ... or where the State is truly unable to anticipate or prevent a random deprivation of liberty interest," post-deprivation remedies might satisfy due process. *Id.* at 133, 110 S.Ct. at 987. In these instances, a plaintiff's right to procedural due process is not violated and, thus, a plaintiff will have no § 1983 claim. This is known as the rule of *Parratt. See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *See also, Easter House,* 910 F.2d at 1408. This rule applies where pre-deprivation safeguards would have little effect and adequate state post-deprivation remedies must exist to provide the process that is constitutionally due. In such cases, any potential constitutional harm is not considered actionable under § 1983 unless the state post-deprivation process is deemed constitutionally inadequate. *Hudson,* 468 U.S. at 517, 104 S.Ct. at 3195. ("rule of *Parratt*" extended to cover random and unauthorized intentional conduct of state employees).

The plaintiff's arguments on this point have been directly addressed in *Duenas v. Nagle,* 765 F.Supp. 1393 (W.D.Wis.1991). In *Duenas,* the prisoner-plaintiff was the subject of thirty-one disciplinary hearings. He alleged numerous violations of the Wisconsin Administrative Code, including failure to receive notice of the charges against him and being denied an opportunity to call witnesses and present a meaningful defense. The plaintiff utilized the inmate complaint review system. Ultimately, the prison system administrator affirmed the

---

**2.** The Court of Appeals' earlier decision in *Easter House v. Felder,* 879 F.2d 1458 (7th Cir.1989) (*en banc*) ("Easter House I") was vacated and remanded by the Supreme Court for reconsideration in light of *Zinermon.*

findings of a corrections complaint examiner, and an order was entered expunging the conduct reports in which the proper administrative procedures were not followed. The plaintiff filed his § 1983 action for monetary damages, and the defendants moved to dismiss on the basis of *Parratt* and *Hudson.*

Chief Judge Crabb, after analyzing the comprehensive disciplinary procedures mandated in the Wisconsin Administrative Code, concluded that the state could not predict the individual defendant's disregard of the procedures. *Duenas,* 765 F.Supp. at 1399. Although there were thirty-one separate alleged violations, the court concluded that they were "unpredictable, undiscoverable and unauthorized." *Id.* As a result, they fit within the *Parratt–Hudson* analysis and the determinative issue was whether the state provided the plaintiff with adequate post-deprivation procedures.

Applying the *Duenas* analysis to this case, it can be similarly concluded that the alleged violations were random and unauthorized. The Wisconsin system, unlike the situation in *Zinermon v. Burch,*[3] does not vest such broad discretion to the defendants that it would be predictable that errors of the type complained of by plaintiff would occur.

■ Therefore, this Court must address the remaining question of whether the State's post-deprivation remedies were adequate. The Magistrate concluded that the inmate grievance system and the writ of certiorari were inadequate post-deprivation remedies because they did not provide for damages. This Court rejects the Magistrate's conclusion.

In this case, the plaintiff has utilized the inmate grievance system and the State remedy of a writ of certiorari and the State court provided him with relief, ordering that the disciplinary proceeding be expunged from his record. Expungement corrected the plaintiff's prison record and restored any wages or "good time." However, these remedies were unable to provide monetary relief. In his § 1983 action, the plaintiff asks to be compensated for the adverse consequences of the constitutionally flawed disciplinary hearings.

■ This Court concludes that adequate State post-deprivation remedies do exist. A state post-deprivation remedy is considered adequate unless it can "readily be characterized as inadequate to the point that it is meaningless or nonexistent and thus, in no way can be said to provide the due process relief guaranteed under the fourteenth amendment." *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir.1990) (en banc). The Supreme Court has clearly held that the adequacy of a state remedy cannot be measured by the ability to receive monetary damages. *See Easter House,* 910 F.2d at 1406 ("the fact that an injured party 'might not be able to recover ... the full amount which he might receive in a § 1983 action is not ... determinative of the adequacy of the state remedies' ") (citing *Hudson v. Palmer,* 468 U.S. at 535, 104 S.Ct. at 3204–3205).[4]

■ Adequacy must be measured by the nature of the alleged unauthorized deprivation. *New Burnham Prairie Homes v. Village of Burnham,* 910 F.2d 1474, 1480 (7th Cir.1990). In *New Burnham Prairie Homes,* state law mandamus procedures

3. In *Zinermon,* the Supreme Court determined that the state of Florida had authorized defendants' conduct because it had consciously delegated broad discretion to hospital staff members to make complex, unreviewable decisions regarding the capacity of mental health patients to give informed consent to their admission. The Court found that the discretion, existing at an identifiable point in the statutory scheme, made it predictable that staff members would effect a deprivation of liberty by erroneously admitting an incompetent patient under standards for voluntary admission. On the basis of these facts, the Court concluded that the rule of *Parratt* was

inapplicable and that the plaintiff could maintain a § 1983 action.

4. *See Parratt v. Taylor,* 451 U.S. at 544, 101 S.Ct. at 1917; *Duenas v. Nagle,* 765 F.Supp. at 1400 (fact that plaintiff would be unable to recover damages through certiorari, does not render that method an inadequate remedy); *Kirby v. O'Keefe et. al.,* Case No. 91–C–119, 1991 WL 476393 (E.D.Wis. Oct. 24, 1991) (the inmate complaint review system and a writ of certiorari were adequate state remedies even though monetary damages were unavailable.) *Kirby* at 12.

supplied an adequate remedy where the plaintiffs alleged they were denied a building permit by random and unauthorized actions taken by the defendants. *Id.* Thus, the question in assessing the adequacy of a State post-deprivation remedy is not what will, *post hoc,* make the plaintiff whole, but what will "... cure the sort of random and unauthorized denial of which plaintiffs complain here." *Id.* at 1480.

In this case, the writ of certiorari, as a post-deprivation remedy is far from meaningless and inadequate. In fact, certiorari is a more appropriate remedy for the plaintiff's procedural due process claim than is 42 U.S.C. § 1983. In certiorari, judicial review includes determination of whether a committee followed its own rules governing the conduct of its hearing, because an agency is bound by its own procedural regulations under state law. *State ex. rel. Meeks v. Gagnon,* 95 Wis.2d 115, 119, 289 N.W.2d 357 (Ct.App.1980). In addition, certiorari can reach a state agency's violations of state procedural laws which do not create a constitutionally protected liberty interest reviewable through § 1983. *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Finally, certiorari review can cure any due process wrong that has been committed against the plaintiff by correcting his prison record and restoring any lost wages or good-time.

Although the plaintiff only pursued the state remedies of the inmate grievance system and the writ of certiorari, this is not the only State post-deprivation relief available. The plaintiff can challenge the procedural errors in the disciplinary action in state court under a tort theory. *See Kirby* at 10; and *Hudson v. Palmer,* 468 U.S. at 530, 104 S.Ct. at 3202. Thus, the state did make available to the plaintiff an adequate state remedy—one which would allow him to recover monetary relief.

Overall, in this case, the Magistrate correctly recognized the plaintiff's challenges to the random and unauthorized violation of procedural due process state law requirements. However, unlike the Magistrate, this Court concludes that the State has provided adequate post-deprivation remedies in certiorari, in the inmate grievance system and in tort. Accordingly, this Court grants the defendants' motion to dismiss on the ground that the State was unable to prevent the random and unauthorized violations of the plaintiff's constitutional rights and because the State has provided adequate post-deprivation remedies.

As the second ground in support of the motion to dismiss, the defendants contend that the only person served in this action has been the Superintendent of the Kenosha Correctional Center, Kenneth Morgan, and that there is no evidence that he was involved in any way with plaintiff's disciplinary hearing or PRC hearing. The defendants note that Terry Landwehr merely acted as the superintendent's designee and affirmed the adjustment committee's decision. Defense counsel indicates that neither Mr. Morgan nor Ms. Landwehr had any direct involvement with the plaintiff's program review hearing (PRC). As a result, defense counsel maintains that the plaintiff has failed to establish the requisite personal involvement of Mr. Morgan and Ms. Landwehr to pursue a 42 U.S.C. § 1983 claim.

The plaintiff's legal counsel contends that leave should be granted to file the amended complaint which names Gary McCaughtry, warden of the Waupun Correctional Institution, and Patrick Fielder, the Secretary of the Department of Corrections, who are alleged to have had direct administrative control over the actions resulting in plaintiff's constitutional deprivations. The plaintiff's legal counsel stated that it was his intention to pursue discovery in order to determine which persons might have been personally involved in these wrongful acts.

The Magistrate denied the defendants' motion to dismiss and concluded that further discovery was necessary to determine which parties had the requisite personal involvement in the deprivation of the plaintiff's constitutional rights. This Court rejects the Magistrate's recommendation.

■ It is well established that in order to state a cognizable claim for deprivation of

civil rights by state officials under 42 U.S.C. § 1983, the plaintiff must demonstrate the defendant's personal involvement in the claimed deprivation of constitutional rights. *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982). Liability will not be imposed vicariously under the theory of *respondeat superior. McKinnon v. City of Berwyn,* 750 F.2d 1383, 1390 (7th Cir. 1984). In order to establish a claim against a supervisor or official under 42 U.S.C. § 1983, the plaintiff must show that the official acted knowingly, willfully, or recklessly in causing the alleged deprivation by his action or failure to act. *Wilkes v. Young,* 897 F.2d 896, 898 (7th Cir.1990).

In this case, even if the allegations in the plaintiff's complaint must be taken as true, this Court concludes that the plaintiff has failed to show prerequisite personal involvement of Mr. Morgan and Ms. Landwehr to state a 42 U.S.C. § 1983 claim. Similarly, the plaintiff, in his proposed amended complaint, has failed to demonstrate the necessary personal involvement of supervisory officials Mr. McCaughtry and Mr. Fiedler. Accordingly, this Court grants the defendants' motion to dismiss for a lack of personal involvement.

■ As the third ground in support of dismissal, the defendants assert that the plaintiff's Eighth Amendment claim should be dismissed because it contains conclusory allegations with no supporting facts. The Magistrate recommended dismissal of the plaintiff's Eighth Amendment claim for want of particularized facts demonstrating a constitutional violation. This Court hereby adopts the Magistrate's recommendation in this respect. The law is clear that conclusory allegations of constitutional deprivations, without particularized facts supporting a constitutional violation are insufficient to sustain a cause of action under the Civil Rights Act. *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 683 (7th Cir.1978). The plaintiff's conclusory allegation that the defendants' imposition of segregation following procedurally flawed disciplinary hearings constitutes cruel and unusual punishment, without

more, does not violate the Eighth Amendment.

## IV. CONCLUSION

This Court hereby ADOPTS the Magistrate's finding that the plaintiff's allegations of random and unauthorized conduct were not preventable through pre-deprivation procedures; REJECTS the portion of the Magistrate's finding that the plaintiff did not have adequate State post-deprivation remedies available; REJECTS the Magistrate's finding that the plaintiff properly alleged the requisite personal involvement of defendants Morgan, Landwehr, Fiedler and McCaughtry; and ADOPTS that portion of the Magistrate's conclusion that the plaintiff failed to allege a claim under the Eighth Amendment. For the reasons set forth herein, the defendants' motion to dismiss is GRANTED. It is further ordered that the plaintiff's motion for leave to file an amended complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.