GARRISON, Judge.
This is an appeal from a judgment of the district court providing as follows:
“IT IS ORDERED, ADJUDGED, AND DECREED THAT:
1. The preliminary Injunction issued herein is made permanent.
2. Nick Neyrey, Jr., is restrained, prohibited and enjoined from engaging in general reporting or free-lance reporting in the Parish of Orleans, State of Louisiana.”
The suit for injunction was instituted by the Attorney General’s Office at the request of the Board of Examiners of Certified Shorthand Reporters. The Board received an anonymous complaint in a La-bourdette & Gluth envelope that Nick Ney-rey, Jr. had been taking depositions without a license from the Board. Enclosed was the front page of a deposition. The front page of the deposition contained the statement “Reported By: Nick Neyrey, Audio-Video Court Reporter.” The front page was typed on paper on which the letterhead “Audio-Video Court Reporters, Inc.” was printed.
In response thereto, the Board conducted an investigation and requested that suit be filed. At the trial on the injunction, the trial court judge provided the following written reasons for judgment:
“Action by Certified Shorthand Reporters Board to enjoin defendant from freelance reporting in parishes under its jurisdiction.
It was stipulated that the defendant was not a Certified Court Reporter nor an Official Court Reporter.
UNDER THE CODE OF CIVIL PROCEDURE:
R.S. 13:3743, as enacted by Act 202 of 1952, in part said:
‘A deposition shall be taken before an officer authorized to administer oaths_’
Act 15 of 1960 re-enacted R.S. 13:3743 as C.C.P. Art. 1423. This codal article in part said: “A deposition shall be taken before an officer authorized to administer oaths_”
Act 574 of 1976 re-enacted C.C.P. Art. 1423 as C.C.P. Art. 1434. This article in part said: ‘A deposition shall be taken before an officer authorized to administer oaths_’
Finally, the Preliminary Statement to C.C.P. Chapter 3, Depositions and Discovery, as contained in the Official Edition of Act 15 of 1960, as reprinted by Claitors Publishing Division, re-printed 1972, in part said: ‘Fed. Rule 28 permits the court to appoint anyone to take a deposition, and confers upon such persons pro tempore authority to administer oaths. This provision was not included in the Louisiana Statute. Art. 1423, infra, merely provides that depositions shall be taken before an officer authorized to administer oaths who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case. This avoids the problem of whether the legislature could con *465 stitutionally authorize the judiciary to confer upon private individuals the authority to administer oaths even under such limited circumstances.’
Defendant Neyrey has not offered any proof that he is an official authorized to administer oaths. Hence, under the provisions of C.C.P. Art. 1434 it appears that he is unauthorized to report any evidentiary matters required to be taken under oath.
However, defendant points to C.C.P. Arts. 1425, 1434, 1436, and 1440 as authorizing his right to free-lance reporting.
C.C.P. Arts. 1425,1434, and 1440, offer no relief to defendant.
C.C.P. Art. 1436 in part provides: ‘Unless the court orders otherwise and except as provided by Article 1425, the parties may by written stipulation provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like any other deposition, and modify the procedures provided by these rules for other methods of discovery.’
Firstly, the permissive ‘may’ of C.C.P. Art. 1436 cannot be construed to overide [sic] the mandatory ‘shall’ in C.C.P. Art. 1434.
Secondly, it must be construed that the Legislature by its consistent use of the mandatory ‘shall’ in R.S. 13:3743, and C.C.P. Arts. 1423 and 1434, ‘A deposition shall he taken before an officer authorized to administer oaths...’, [sic] did not intend to grant to private parties the power to authorize any person to administer oaths by its use of the permissive ‘may’ in C.C.P. Art. 1436.
UNDER THE PROVISIONS OF R.S. 37:2551 THROUGH R.S. 37:2559
R.S. 37:2554E in part provides: ‘Every certificate holder hereunder shall be deemed a certified shorthand report-er_and at his expense shall re-ceive_a metal seal_ such [sic] certificate and seal shall authorize the holder thereof to issue affidavits with respect to his regular duties, to subpoena witnesses for depositions, to administer oaths and affirmations and to take depositions and sworn statements.’
R.S. 37:2556B(1) provides that no person shall practice free-lance reporting in any parish having a population of over five hundred thousand unless he currently holds a valid certificate hereunder.
Defendant does not hold a valid certificate under this act, nor does he qualify under the exemptions of R.S. 37:2556A, nor does defendant qualify for a temporary certificate under R.S. 37:2556A(2), nor does defendant qualify as an emergency reporter under R.S. 37:2556A(2).
It must be concluded that defendant does not qualify as a general reporter or free-lance reporter under the articles of the Code of Civil Procedure nor under the provisions of the Certified Sharthand [sic] Reporters Act.
The temporary injunction issued herein will be made permanent.”
At oral argument, council for the Attorney General’s office presented this Court with a copy of the following letter, made part of the record herein:
“The above-captioned matter is set for oral argument at 1:00 p.m. today. Please see that the judges on this panel receive this before argument. The suit involves an attack on the constitutionality of portions of La.R.S. 37:2551, et seq.”
“Act 365 of the 1986 Legislative Session amended those statutes under attack in this matter. Those amendments, which had an effective date of January 1, 1987, effectively moot many of the arguments of the defendant-appellants. Act 365, Sec. 1 eliminated the ‘Five hundred thousand people’ requirement and made the Board state-wide. Therefore, defendant-appellant’s arguments of special and/or local legislation are no longer valid.”
“Further, Act 365, Sec. 4 states, ‘Nothing contained herein shall apply to court reporting by means of video tape or electronic recording.’ The Legislature has defined that this section no longer applies to any other court reporting other than shorthand reporting. Although the *466 district court’s decision was correct at that time, this amendment would make useless any injunction obtained under the former statute. Since this amendment changes to whom this law applies, this basis for this suit is now moot.”
“This information is provided to keep the Court aware of information which affects an appeal in its jurisdiction.”
Because the remedy granted was an injunction, at oral argument both sides agreed that the injunction was invalid and the issue was moot as of January 1, 1987.
In the official volume of the State of Louisiana Acts of the Legislature Vol. I Regular Session of 1986 at pages 696-701 published by the Secretary of State in Baton Rouge, Act 365 of 1986 provides and looks as follows:
ACT No. 365
Senate Bill No. 270.
By: Mr. Hudson.
AN ACT
To amend and reenact R.S. 37:2551(A), (B) and (C), 2552(A), 2553(C) and (D), 2554(A), (C) and (F), 2555(A), 2556(A)(1) and (2) and (B)(1) and (2), 2557(A), (B), and (C), and 2558; to rename the title to Chapter 32 of Title 37 of the Louisiana Revised Statutes of 1950; to repeal R.S. 37:2551(E), 2554(G), and 2556(A)(3), relative to certified shorthand reporters; to provide for membership of the Board of Examiners of Certified Shorthand Reporters; to provide for terms of office of the board members; to provide for duties of the board; to define shorthand reporting; to provide for certification of shorthand reporters; to provide for exemption from certification of official court reporters of a court of record; to provide for suspension or revocation of certificates; to provide for certification without examination; to provide for liability of the board members for investigations; and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. R.S. 37:2551(A), (B) and (C), 2552(A), 2553(C) and (D), 2554(A), (C) and (F), 2555(A), 2556(A)(1) and (2) and (B)(1) and (2), 2557(A), (B), and (C), and 2558 are hereby amended and reenacted and the title to Chapter 32 of Title 37 of the Louisiana Revised Statutes of 1950 is hereby renamed to read as follows:
CHAPTER 32. CERTIFIED SHORTHAND REPORTERS
§ 2551. Creation of board of examiners; purposes; membership; expenses
A. There is hereby created a Board of Examiners of Certified Shorthand Reporters for the purpose of encouraging proficiency in the practice of shorthand report ing as a profession, promoting efficiency in court and general reporting, and extending to the courts and to the public the protection afforded by a standardized profession by establishing a standard of competency for those persons engaged in it.
B. Within thirty days from the effective date of this Section, the governor shall appoint nine persons to membership on the board of examiners. Each appointment by the governor shall be submitted to the Senate for confirmation.
C. Six appointees shall be certified shorthand reporters, two appointees shall be attorneys, and one appointee shall be a judge. Excluding the judge, no more than three members of the board shall be residents of the same parish.
* * * * # ⅜
§ 2552. Terms of office
A. Members of the board of examiners shall be appointed by the governor for three year terms, except that any member appointed to fill a vacancy occurring prior to the expiration of the term shall be appointed for the remainder of such term only. Effective January 1, 1987, the terms of those members serving on the board shall terminate, and the governor shall designate three members of the board to serve terms of one year each, three other members of the board to serve terms of two *467 years each, and the three remaining members of the board to serve terms of three years each. Thereafter, persons appointed to the board shall serve terms of three years duration. Members of the board shall continue in office until their successors are appointed and qualified.
* * * * * *
§ 2553. Duties of the board of examiners; officers; records
* * * * * *
C. The board shall keep a complete record of all its proceedings, and shall report annually to the governor and the membership within sixty days following the end of the state’s fiscal year concerning all certificates issued, renewed, or revoked.
D. The expenses of the members of the board and the expenses of the board that are necessary to carry out the provisions of this Chapter shall be paid from the fees collected by the board under the provisions of R.S. 37:2558. Within sixty days following the end of the state’s fiscal year, the board shall prepare an accounting of expenses incurred and funds received during the prior fiscal year.
§ 2554. Qualifications; examinations; certificates
A. The board shall determine the qualifications of persons applying for examination under this Chapter, make rules for the examination of applicants and the issuance of certificates herein provided for which shall be subject to legislative oversight review pursuant to the Administrative Procedure Act, and shall grant certificates to such applicants as may, upon examination, be qualified in professional shorthand reporting and in such other subjects as the board may deem advisable.
* * * * * *
C. No certificate holder shall be restricted from changing to any other shorthand system as defined in R.S. 37:2555, if he has at least five years previous experience as a verbatim reporter.
* * Hi * * *
P. Within six months after January 1, 1987, the board shall accept, upon payment of a fee fixed by the board, applications for certified shorthand reporter certificates without an examination from any person furnishing due proof that his principal occupation in this state during the year prior to January 1, 1987, was that of a verbatim shorthand reporter proficiently taking and transcribing depositions, investigations, conventions, court proceedings, or hearings.
* * * * * *
§ 2555. Shorthand reporting defined
A. The practice of shorthand reporting is defined as the making, by written symbols or abbreviations in shorthand or machine writing, or stenomask voice recording of a verbatim record of any oral court proceeding, public hearing, deposition, or proceeding.
* * * He * *
§ 2556. Appointment of reporter; temporary certificate; emergency
A.(l) Court reporters employed as such in a court of record shall be specifically exempted from certification requirements for all purposes. All reporters for courts of record, whether certified or exempt from the certification requirements, shall not be subject to the regulatory authority of the board during their appointment as court reporters for purposes of either official and general or free-lance reporting.
(2) The presiding officer of a public body as defined by R.S. 42:4.2(A)(2) shall be privileged to select a shorthand reporter whom he deems competent and satisfactory, and shall simultaneously request the chairman of the board of examiners to have issued by the board to such reporter a temporary certificate, which shall be issued and which, upon the request of the presiding officer, shall be kept in effect for a maximum of seven months, during which time its holder shall have regular examination privileges. Such temporary reporter shall not be allowed a seal hereunder and shall be granted only one such temporary certificate.
******
B.(l) No person shall practice general reporting or free-lance reporting unless he currently holds a valid certificate hereun *468 der, or unless he is exempted from certification requirements under the provisions of R.S. 37:2556(A)(1).
(2) Any person who wishes to practice general reporting or free-lance reporting who does not currently hold a valid certificate hereunder shall apply to the board for a temporary certificate. Such certificate may be issued by the board upon the applicant furnishing satisfactory proof of his qualification to practice general reporting or free-lance reporting, together with the recommendation of two persons currently holding a valid certificate. A temporary certificate shall be kept in effect for a maximum of seven months during which time its holder shall have regular examination privileges. Such temporary certificate holder shall not be allowed a seal hereunder and shall be granted only one such temporary certificate.
§ 2557. Suspension of certificate; hearings; procedure
A.(l) The board shall have the power to suspend or revoke, for any cause hereinafter specified, any certificate issued hereunder, provided that such revocation or suspension receives the affirmative vote of at least six members of such board. The causes for suspending or revoking a certificate shall consist of one or more of the following:
(a) Conviction of a felony;
(b) Conviction of a misdemeanor involving moral turpitude;
(c) Fraud, dishonesty, corruption, willful violation of duty, or gross incompetency in the practice of the profession.
(2) For all investigations hereunder, each board member is empowered to administer oaths and affirmations, subpoena witnesses, and take evidence anywhere in the state of Louisiana, after giving reasonable notices to all persons involved. The board shall not be required to comply with rules of evidence applicable to the courts of Louisiana. In its conduct of investigations, the board shall comply with requirements of the Administrative Procedure Act.
B. The Board of Examiners of Certified Shorthand Reporters may upon its own motion and shall upon the verified complaint in writing of any person setting forth facts which if proved would constitute grounds for (1) refusal to issue or renew, or (2) suspension or revocation of any such certificate, investigate the actions of any person applying for, holding, or claiming to hold any such certificate, or any person practicing shorthand reporting as defined in this Chapter without first having obtained a certificate hereunder. Neither the board or its members, individually or in their official capacities, shall be liable for undertaking such an investigation or for subsequent actions when acting in good faith under this Chapter.
C.The board shall, at least ten days prior to the date set for the hearing, notify in writing the applicant for, or holder of, any such certificate, or any person practicing shorthand reporting as defined in this Chapter without first having obtained a certificate hereunder, of any charges made, and shall afford the accused person the opportunity to be heard in person or by counsel in reference thereto. The written notice may be served by delivering it personally to the accused person or by mailing it by registered or certified mail to the accused person’s last address of record. At the time and place fixed in the notice, the board shall proceed to hear the charges. The accused person, the complainant, and a representative of the board, shall have an opportunity to present in person, or by counsel, such matters as may be pertinent to the charges and to any defense thereto. The board may continue such hearing from time to time and from place to place as may be necessary or proper.
******
§ 2558. Fees
A. The board shall collect fees from each applicant for a certificate as hereinafter provided. The board shall have power to require an annual renewal for all certificates and to collect therefor a renewal fee of such amount as may be fixed by the board.
B. The regular examination fee shall be fixed by the board. If the board should find an applicant ineligible for examination, *469 it shall refund eighty percent of the fee paid by said applicant. In no other event shall any refund be made.
C. Any fees fixed by the board shall be subject to legislative oversight review pursuant to the provisions of the Administrative Procedure Act.
D. The failure, neglect, or refusal of any regularly certified shorthand reporter registered under this Chapter to pay in advance the annual renewal fee shall result in the suspension of the reporter’s right to the benefits under the Chapter, which suspension shall not be terminated until all delinquent fees have been paid.
Section 2. R.S. 37:2551(E), 2554(G), and 2556(A)(3) are hereby repealed in their entirety.
Section 3. This Act shall become effective on January 1, 1987.
Section 4. Nothing contained herein shall apply to court reporting by means of video tape or electronic recording.
Approved by the Governor: July 2, 1986.
Published in the Official Journal of the State: August 1, 1986.
A true copy:
JAMES H. “Jim” BROWN
Secretary of State.
In the 1987 Supplementary[1] Pamphlet to Vol. 21A of Revised Statutes at pages 352, 353, 354, 355, 356 and 358, R.S. 37:2555 provides and looks as follows:
*470 R.S. 37:2551 PROFESSIONS AND OCCUPATIONS
In sutísec. D, as amended by Acts 1983, No. 612, § 1, a comma was inserted follow .ig ‘‘compensation” on authority of R.S. 24:253.
1986 Legislation
The 1986 amendment, in subsec. A, inserted * comma following “general reporting”, deleted “, in parishes having a population of over five hundred thousand,” following "public" and deleted the last sentence, which had read: “For the purposes of this Chapter parish populations shall be determined in accordance with the population counts that are utilized by the state treasury in the annual computation of state revenue sharing allocations”; in subsec. B, substituted “nine” for “seven”, deleted “, all of whom shall be residents of a parish having a population of over five hundred thousand” following “examiners” and deleted “every two years after the'initial confirmation" following “confirmation”; and rewrote subsec. C, which had read:
“C. Five appointees shall be certified shorthand reporters residing in a parish having a population in excess of five hundred thousand, one appointee shall be an attorney residing in a parish having a population in excess of five hundred thousand, and one appointee shall be a judge residing in a parish having population in excess of five hundred thousand.”
Acts 1986, No. 365, § 2 repealed subsec. E, relating to the terms of incumbent members serving on the effective date of this section.
Section 4 of Acts 1986. No. 365 (S 1 of which amended subsecs. A. B. and C of this section) provides: "
“Nothing contained hefdin Bhail apply to court reporting py rneand Of Video iaM At- electronic recording."
Cross References
Retention and destruction of notes and recordings by court reporters,
Civil cases, see C.C.P. art 372.
Criminal cases, see R.S. 15:511.
Law Review Commentaries
Licensing and certification of court reporters. Stephen R. Plotkin, 34 La.BJ. 6 (1986).
§ 2552. Terms of office
A. Members of the board of examiners shall be appointed by the governor for three year terms, except that any member appointed to fill a vacancy occurring prior to the expiration of the term shall be appointed for the remainder of such term only. Effective January 1, 1987, the terms of those members serving on the board shall terminate, and the governor shall designate three members of the board to serve terms of one year each, three other members of the board to serve terms of two years each, and the three remaining members of the board to serve terms of three years each. Thereafter, persons appointed to the board shall serve terms of three years duration. Members of the board shall continue in office until their successors are appointed and qualified.
B. Reporter members of said board shall be appointed from among the holders of certificates issued under this Chapter.
Amended by Acts 1975, No. 110, § 1; Acts 1983, No. 612, § 1; Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
1983 Amendment: Rewrote the section, which had provided:
“Members of the board shall be appointed for terms of three years, (except as hereinafter provided) as follows:
“(1) In 1970, five members shall be appointed, two of whom shall hold office until December 31, 1971, and three of whom shall hold office until December 31, 1972, except that any member appointed to fill a vacancy occurring prior to the expiration of the term for which his predecessor was appointed shall be appointed for the remainder of such term only.
"(2) Thereafter, members shall by the governor of the state of Louisiana, be appointed for three-year terms as vacancies occur, either by reason of the expiration of the term of office of a member theretofore appointed or by reason of a parish attaining a population of over three hundred over three hundred seventy-five thousand. Members of the board shall continue in office until their successors are appointed and qualified.
“(3) Reporter members of said board shall be appointed from among the holders of certificates issued under this Chapter.”
1986 Legislation
The 1986 amendment rewrote subsec. A, which had read:
"A. Members of the board of examiners shall be appointed by the governor for four year terms concurrent with the governor, except that any member appointed to fill a vacancy occurring prior to the expiration of the term shall be appointed for the remainder of such term only. Members of the board shall continue in office until their successors are appointed and qualified.”
*471 PROFESSIONS AND OCCUPATIONS R.S. 37:2554
Section 4 of Acts 1986, No. 365 (§ 1 of which amended subsec. A of this section) provides: “Nothing contained herein shall apply to court reporting by means of video tape or electronic recording.”
§ 2553. Duties of the board of exáminers; officers; records

[See main volume for text of (A) ]

B. Each year a chairman arid a secretary shall be elected from the board membership. The board shall adopt a seal to be affixed to all certificates issued by the board. A majority of the members shall constitute a quorum.
Amended by Acts 1983, No. 612, § 1.
C. The board shall keep, a complete record of all its proceedings, and shall report annually to the governor and the membership within sixty days following the end of the state’s fiscal year concerning all certificates issued, renewed, or revoked.
Amended by/Acts 1983, No. 612, § 1; Acts 1986, No. 365, § 1, eff. Jan. 1, 1987..
D. The expenses of the members of the board and the expenses of. the board that are necessary to carry out the provisions of this Chapter shall be paid from the fees collected by the board under the provisions of R.S. 37:2558. Within sixty days following the end of file state’s fiscal year, the board shall prepare an accounting of expenses incurred and funds received during the prior fiscal year. ...
Amended by Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
1983 Amendment: In subsec. B, third sentence, substituted “A majority of the” for “Three members”; and, in subsec. C, deleted “Louisiana State Bar Association and the” preceding "Governor”, changed the “g” in "Governor” from the lower to file upper case, deleted “of the State of Louisiana,” following "Governor”, and substituted “concerning” for “, áll” following “December”. 1
In subsec. C, as amended by Acts 1983, No. 612, § 1, a comma was inserted following “renewed” on authority of R.S. 24:253.
1986 Legislation
The 1986 amendment rewrote subsec. C, which had read:
. "C. The board shall keep a complete record of all its proceedings, and shall report annually to the Governor and the membership on or before the first day of December concerning all certificates issued, renewed, or revoked, together with a detailed statement of receipts and disbursements.”
The 1986 amendment also added the last sentence in subsec. D.
Section 4 of Acts 1986, No: 365 (S 1 of which amended subsecs. C and D of this section) pro-' vides:
“Nothing contained, herein shall apply to court reporting hv means of video tape or electronic . recording."
§ 2554. Qualifications; examinations; certificates
A. The board shall determine the qualifications of persons applying for examination under this Chapter, make rules for the examination of applicants and the issuance of certificates herein provided for which shall be subject to legislative oversight review pursuant to the Administrative Procedure Act, and shall grant certificates to such applicants as may, upon examination, be qualified in professional shorthand reporting and in such other subjects as the board may deem advisable.
Amended by Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.

[See main volume for text of B]

C. No certificate holder shall be restricted from changing to any other shorthand system as defined in R.S. 37:2555, if he has at least five years previous experience as a verbatim reporter.
Amended by Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
D. The board shall in no way restrict the use of electronic equipment to certificate holders hereunder in the performance of their duties, but shall exclude the use of all *472 electronic recording equipment, except stenomask, to all applicants at the time and place of examination.
Amended by Acts 1976, No. 646, § 1.
E. Every certificate holder hereunder shall be deemed a certified shorthand reporter, entitled to use the abbreviation 'C.S.R.” after his name, and at his expense shall receive from the board, and may keep while his certificate remains in effect, a metal seal imprinting his name and "Certified Shorthand Reporter of the State of Louisiana.” Such certificate and seal shall authorize the holder thereof to issue affidavits with respect to his regular duties, to subpoena witnesses for depositions, to administer oaths and affirmations and to take depositions and sworn statements..
Amended by Acts 1975, No. 110, § 1; Acts 1976, No. 645, § 1; Acts 1983, No. 612, $ 1.
F. Within six months after January 1,1987, the board shall accept, upon payment of a fee fixed by the board, applications for certified shorthand reporter certificates without an examination from any person furnishing due proof that his principal occupation in this state during the year prior to January 1,1987, was that of a verbatim shorthand reporter proficiently taking and transcribing depositions, investigations, conventions, court proceedings, or hearings.
Amended by Acts 1975, No. 110, § 1; Acts 1976, No. 388, § 1; Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
G. Repealed by Acts 1986, No. 365, § 2, eff. Jan. 1, 1987.
"September 12,1975” was substituted for “the effective date of this Chapter" on authority of R.S. 24:253.
1983 Amendment: In the section heading substituted "certificate” for "certificates”; in sub-sec. E, substituted “at his expense” for "without extra charge” following “after his name, and”; and added subsec. G.
1986 Legislation
The 1986 amendment, in the section heading, substituted “certificates” for “certificate”; in subsec. A, inserted "which shall be subject to legislative oversight review pursuant to the Administrative Procedures Act"; in subsec. C deleted “shorthand” before "reporter”; and rewrote subsec. F, which had read:
“F. Within sue months after September 12, 1975, the board shall accept, upon payment of the sum of twenty dollars, applications for C.S.R. certificates without an examination, from all persons who, on October 1, 1975, and continually up to and during the pendency of their respective applications, were serving as official reporter in any of the courts in and for such parish including stenomask reporters; also from any person, excluding stenomask system reporters, furnishing due proof that his principal occupation within such parishes, for at least one year preceding October 1, 1975, was that of a verbatim shorthand reporter proficiently taking and transcribing depositions, investigations, conventions, court proceedings, and/or hearings. Reporters utilizing the stenomask system must furnish due proof that their principal occupation in this state for at least five years preceding October 1, 1975, was that of a verbatim shorthand reporter; provided, however, the board shall not issue certificates without an examination to persons who qualify under provisions of this Section but who otherwise filed an application, took the examination, and failed to pass the examination.
“However, all persons acting as an official court reporter as of October 1, 1975 but who failed the C.S.R. examination shall be issued a certificate by the board without a reexamination, upon application and payment of twenty dollars by said official court reporter within thirty days after October 1, 1976.”
Acts 1986, No. 365, $ 2 repealed subsec. G, enacted by Acts 1983, No. 612, § 1, and relating to persons enrolled in court reporting school prior to January 1, 1982.
Section 4 of Acts 1986, No. 365 (S 1 of which amended subsecs. A. C. and F of this sectkmj* provides:
“Nothing contained herein shall apply to court; reporting hv moans of video fane or electronic recording.”
Notes of Decisions
1. Construction and application
Audio video court reporting not legal. Op. Atty.Gen., Feb. 14, 1974.
§ 2555. Shorthand reporting defined
A. The practice of shorthand reporting is defined as the making, by written symbols or abbreviations in shorthand or machine writing, or stenomask voice recording of a verbatim record of any oral court proceeding, public hearing, deposition, or proceeding.
*473 PROFESSIONS AND OCCUPATIONS R.S. 37:2556
B. There shall be two classifications of shorthand reporting which are designated and defined as follows:
(1) Official court reporters: Any person appointed to serve as the official reporter for any court of record either as a permanent or temporary employee; and
(2) General reporting or free-lance reporting: Any person engaged in the reporting of depositions, sworn statements, public hearings or proceedings, whether self-employed or through any business, firm, corporation or agency, engaged in the reporting of depositions, sworn statements, or public hearings or proceedings.
Amended by Acts 1976, No. 645, $ 1; Acts 1986, No. 365, $ 1, eff. Jan. 1, 1987.
-1986 Legislation
The 1986 amendment, in subsec. A, substituted "shorthand reporting” for “shorthand”.
Section 4 of Acts 1986. No. 365 18 1 of which amends subsec. A of this section), provides:
' '‘Nothing eonkinert herein snail apply to court. reporting by means of video tape or electronic recording."
Notes of Decisions
1. Construction and application
Audio video court reporting is not legal Op. Atty.Gen., Feb. 14, 1974.
§ 2556. Appointment of reporter; temporary certificate; emergency
A. (1) Court reporters employed as such in á court of record shall be specifically exempted from certification requirements for all purposes. All reporters for courts of record, whether certified or exempt from the certification requirements, shall not be subject to the regulatory authority of the board during their appointment as court reporters for purposes of either official and general or free-lance reporting.
(2) The presiding officer of a public body as defined by R.S. 42:4.2(AX2) shall be privileged to select a shorthand reporter whom he deems competent and satisfactory, and shall simultaneously request the chairman of the board of examiners to have issued by the board to such reporter a temporary certificate, which shall be issued and which, upon the request of the presiding officer, shall be kept in effect for a maximum of seven months, during which time its holder shall have regular examination privileges. Such temporary reporter shall not be allowed a seal hereunder and shall be granted only one such temporary certificate.
(3) Repealed by Acts 1986, No. 365, § 2, eff. Jan. 1, 1987.
• B. (1) No person shall practice general reporting or free-lance reporting unless he currently holds a valid certificate hereunder, or unless he is exempted from certification requirements under the provisions of R.S. 37:2556(AX1).
(2) Any person who wishes to practice general reporting or free-lance reporting who does not currently hold a valid certificate hereunder shall apply to the board for a temporary certificate. Such certificate may be issued by the board upon the applicant furnishing satisfactory proof of his qualification to practice general reporting or freelance reporting, together with the recommendation of two persons currently holding a valid certificate. A temporary certificate shall be kept in effect for a maximum of seven months during which time its holder shall have regular examination privileges. Such temporary certificate holder shall not be allowed a seal hereunder and shall be granted only one such temporary certificate.
Amended by Acts 1975, No. 110, § 1; Acts 1976, No. 645, § 1; Acts 1981, No. 557, § 1; Acts 1983, No. 612, § 1; Acts 1984, No. 904, § 1; Acts 1985, No. 374, § 1, eff. Sept 1,1985; Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
1981 Amendment: In subsec. A, deleted a comma following “record”; and, in subsecs. A and B, substituted "five hundred thousand” for "three hundred seventy-five thousand”.
1983 Amendment: In subsec. A., second sentence, deleted “chosen” following “such” and preceding "reporter'’, deleted “thereupon” following "temporary certificate, which shall”, deleted "without question,” following "issued”, de *474 leted “temporary certifícate shall” preceding “, upon the request”, inserted “shall” preceding “be kept”, substituted "seven" for “fifteen” preceding “months”, ana inserted “at least two” preceding “regular", and, in the third sentence, inserted “not” preceding “be allowed” and substituted “a” for “no” preceding “seal” and substituted “shall" for "will” preceding ‘lie granted”; in subsec. B, first sentence, deleted “or she” following “he”, in the third sentence inserted “the” preceding “applicant" and, deleted “or her” following “his”, in the fourth sentence substituted “shall” for “may be” preceding “kept”, substituted “seven” for “fifteen” preceding “month” and in the last sentence inserted “not” preceding “be allowed”, substituted “a” for “no” preceding “seal” and substituted “shall” for “will” preceding “be granted”.
The paragraph designations in this section as amended in 1983 were made on authority R.S. 24:253.
1984 Amendment: In par. A(l), inserted “Except as hereinafter provided for court reporters of the municipal and juvenile courts,” at the beginning of the first sentence and inserted the second sentence.
1985 Amendment: In par. A(l), added third and fourth sentences; in par. A(2), substituted “appointing official of a public board” for “judge of such court, or such appointing official,” and, following “reporter a temporary certificate,” deleted “which shall thereupon be issued without question, and which temporary certificate,”; in par. B(l), added “, or unless he is exempted from certification requirements under the provisions of R.S. 37:2556(A)(1)”; and, in the first sentence of par. B(2), inserted “and who is not specifically exempt from the certification requirement”.
On authority of R.S. 24:253, in par A(l), as amended in 1985, following “September 1”, “st” was added and in par. A(3), "emergency” wa3 enclosed in quotation marks and “certified shorthand reporter” was substituted for “C.S.R.".
1986 Legislation
The 1986 amendment rewrote par. (1) of sub-sec. A, which had read:
"A. (1) Except as hereinafter provide# #f court reporters of municipal and juven2e eosot% no person shall be appointed as an official.w-1 porter for any court of record or public board. Of commission in any parish having a population'^ over five hundred thousand nor be permitted'jltf hold such a position unless he or she current^ holds a valid certificate hereunder; provided tii«f ; nothing in this Chapter shall be construed ^ ' prohibit the appointment or employment !<⅛'⅝ person not. holding a regular certificate, when'. ' there is hot available for appointment a reporter ''■) who is duly certified and acceptable to ’the ip- ⅛ pointing official. Court reporters formúnidiMl ; and juvenile courts shall not be required tó hold : a certificate under the provisions of this Chap-. - ter. Court reporters who have been employed as such in a court of record for two years as of September 1st, 1985, shall be specifically; <ni? ' empted from certification requirements for'all’ 1 purposes. All reporters for courts of record,.' whether certified or exempt from the certifican, tion requirements, shall not be subject to the regulatory authority of the board during their appointment as court reporters.”
The 1986 amendment also, in par. (2) of sub sec. A, substituted "presiding officer” for “ap pointing official” in two instances, and substituí ed "body as defined by R.S. 42:4.2(AX2)” for “board”; in par. (1) of subsec. B, deleted "in any . parish having a population of over five hundred thousand” following "free-lance reporting"; and in par. (2) of subsec. B, deleted “and who is not specifically exempt from the certification re quirement” following "hereunder” in- the first' sentence.
Acts 1986, No. 365, § 2 repealed par. (3) of. subsec. A, relating to unavailability of certified . shorthand reporters.
Section 4 of Acts 1986. No. .365 (§ 1 of which amended pars. (11 and (21 of subsecs. A and BL" proviaes: • ' 'r
“Nothing- contained herein shall annlv to court reporting by means of video tape or electronic recording." “ , 7
§ 2557. Suspension of certificate; hearings; procedure
A. (1) The board shall have the power to suspend or revoke, for any cause hereinafter specified, any certificate issued hereunder, provided that such revocation or suspension receives the affirmative vote of at least six members of such board. The causes for suspending or revoking a certificate shall consist of one or more of the following:
(a) Conviction of a felony;
(b) Conviction of a misdemeanor involving moral turpitude;
(c) Fraud, dishonesty, corruption, willful violation of duty, or gross incompetency in the practice of the profession.
(2) For all investigations hereunder, each board member is empowered to administer oaths and affirmations, subpoena witnesses, and take evidence anywhere in the state of Louisiana, after giving reasonable notices to all persons involved. The board shall not be
*475 R.S. 37:2557 PROFESSIONS. AND OCCUPATIONS
Section 4 of Acts 1986,.No. 866 (§1 of-which "Nothing contained herein snail apply to court amended subsecs.: A, B, and C .of this section), reporting-by means.oí .video tape or electronic provides: recording."
§ 2568. Fees
A. The board shall collect fees from each applicant for a certificate as hereinafter provided. The board shall have power to require an annual renewal for all certificates and to collect therefor a renewal fee of such amount as may be fixed by the board.
B. The regular examination fee shall be fixed by the board. If thedward should find. an applicant ineligible for examination, it shall refund eighty percent- of-the fiée paid by said applicant. In no other event shall any refund be made.
C. Any fees fixed by the board shall be subject to legislative' oversight review pursuant to the provisions of the Administrative Procedure Act..
D. The failure, neglect, or refusal of any regularly certified shorthand reporter registered under this Chapter to pay in advance the annual renewal fee shall result in the suspension of the reporter's right to the benefits under the Chapter, which suspension shall not be terminated until all delinquent fees have been paid.
Amended by Acts 1983, No. 612, § 1; Acts 1986, No. 365, § 1, eff. Jan. 1, 1987.
1983 Amendment: Designated subsections A, B and C; in subsec. A, first sentence, inserted "a” preceding "certificate’’ and deleted “hereunder fees” following “certifícate”, and in the second sentence deleted "twenty dollars, or” following "renewal fee.of’ and deleted “lesser” preceding "amount”; in subsec. B, first sentence, substituted "fixed by. the .board” for “not more than thirty dollars" and in the second sentence deleted ", but any applicant failing to pass his or her examination shall have the right to be reexamined once within two years without further fee" following “refund be made”; and in subsec. C inserted a comma following "neglect”.
1986 Legislation
The 1986 amendment redesignated former subsec. C as subsec. D, and inserted a new subsec. C.
Section 4 of Acts 1986. No. 365 (8 1 of which amends this section), provides:
“Nothing contained herein shall apply to court reporting hv means of video tape or electronic recording.”
CHAPTER 34. SPEECH PATHOLOGY AND AUDIOLOGY
§ 2651. Definitions
As used in this Chapter:

[See main volume for text of (1) and (2)]

(3) “Speech pathologist” means any person who represents himself to the public by title or by description of services, methods, or procedures as one who offers to render or renders services involving the application of principles, methods, and procedures of the science and profession of speech pathology to persons. A person is deemed to be or to hold himself out as being a speech pathologist if he offers such services under any title which suggests he is qualified to. render such services.
Amended by Acts 1978, No. 384, § 1, eff. July 1, 1979.
(4) "Audiologist” means any person who offers to render or renders services involving the application of principles, methods, and procedures of the science and profession of audiology to persons. A person is deemed to be or to hold himself out as being an audiologist if he offers such services under any title which suggests he is qualified to render such services; provided, that licensed hearing aid dealers may use the title “certified hearing aid audiologist” when they are so certified.
Amended by Acts 1978, No. 384, § 1, eff. July 1, 1979.

[See main volume for text of (5)]

*476 Act 365 in Section 1 creates the new language of the statutes, in Section 2 repeals the conflicting and replaced statutes, and in Section 3 states the effective date of the Act. Most Acts stop at this point.[2] Indeed, every other Act in Vol. 1 of the 1986 Regular Session ends at this point. In the case of Act 365, however, after everything normally needed for an effective Act is finished, Section 4 is tacked onto the end. All members of the panel agree that Section 4 is not law. If the Legislature had wanted it to be law, it would have put the language contained therein actually into a statute. Likewise, evidence of statutory intent, purposes, or aids in interpretation are normally put in a statement of intent statute at the beginning of a chapter. In the case of Section 4, however, the Legislature did not follow any of the principles of statutory draftsmanship. What, then, is this Court to do with this bizarre expression of Legislative will that is not law and thus is of no effect, but which nonetheless exists?
We conclude that the Legislature committed an error of draftsmanship in drafting this Act. The Legislature may have intended Section 4 to be law but failed to properly draft it to so provide. Nonetheless, Section 4 does exist. It is presumed to be in the nature of dicta because no one in civilian law is presumed to do a vain and worthless act, especially the Legislature. Accordingly, while Section 4 is persuasive only, it does indicate any intent by the Legislature. In accordance with that Legislative intent we find that the provisions of R.S. 37:2551 et seq. do not and did not apply to “court reporting by means of video tape or electronic recording.” We further call upon the Legislators to reexamine their draftsmanship of Act 365 of 1986, Section 4 and to take whatever steps are necessary to redraft this Section so that their intent is clear. Lastly, we note that this opinion can be legislatively overruled if this interpretation of Section 4 is not as was intended by the Legislature. Having thus concluded, we reverse the de-cisión of the district court and remand for further proceedings.
REVERSED AND REMANDED.

. West Publishing Co.’s editorial policy does not, of course, create law nor is it binding upon courts. This example is only used to indicate that even West, with its experience in Louisiana cases dating back to 1887, appears unsure about where this provision fits in the statutory scheme, if anywhere.

. Exclusive of the date approved by the Governor, the date published in the Official Journal, and certification by the Secretary of State.