376 So.2d 576 (1979)
Peggy L. WHEELAHAN, Class Representative
v.
STATE of Louisiana Through the LOUISIANA STATE CLAIMS REVIEW BOARD.
No. 10207.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
*577 Harold M. Wheelahan, III, New Orleans, for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Jesse James Marks, Asst. Atty. Gen., New Orleans, Donald J. Wall, Div. of Administration, Baton Rouge, for defendant-appellee.
Before REDMANN, BEER and GARRISON, JJ.
GARRISON, Judge.
Plaintiff, Peggy L. Wheelahan, appeals from dismissal of her suit following the sustaining of defendant's exception of no cause of action. We affirm, but modify the district court's judgment to allow plaintiff the opportunity to amend her petition to state a cause of action.
Ms. Wheelahan, an employee of the State of Louisiana and a member of the State of Louisiana Employees Uniform Group Benefits Program, filed suit in a class action to enforce reimbursement of money paid for treatment of a nervous disorder. She based her claim for benefits on R.S. 22:213.2, and sought penalties and attorney's fees as provided by R.S. 22:657(A). Defendants filed exceptions of no right of action and no cause of action. The district court upheld the exception of no cause of action without assigning written reasons.
The peremptory exception of no cause of action tests the sufficiency in law of plaintiff's petition to allow recovery by anyone against the defendants. The exception is triable solely on the face of the petition and any annexed documents or exhibits, with all well-pleaded allegations of fact conceded as true. No evidence may be admitted to support or controvert the exception. The exception must be overruled unless the allegations affirmatively established that under no facts admissible under the allegations of the petition does plaintiff have a cause of action, and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. La.Code of Civil Procedure, Articles 927(4), 931; Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir. 1975); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). The petition must set forth the material facts upon which the cause of action is based (C.C.P. Art. 891), and the allegations must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered. Farrell v. Farrell, 275 So.2d 489 (La.App. 1st Cir. 1973); Marmolejo v. Fairmont Roosevelt Hotel Co., 301 So.2d 375 (La.App. 4th Cir. 1974).
The basic factual allegations in Wheelahan's petition are as follows:
"Petitioner-class is that class of persons who are employed by the State of Louisiana; who are insured under a program of health insurance provided by the state and managed by Continental Casualty Company; who have made claims under that policy for payment of medical bills for services rendered by Board certified social workers; and whose claims have been denied by the defendant.
* * * * * *
"Petitioner-class representative, Peggy L. Wheelahan, on November 28, 1977, and *578 again on February 22 and April 7, 1978, presented a claim, together with Proof of Loss for payment for the services provided by her licensed social worker. This claim was presented to defendant, the State of Louisiana, through the State Claims Review Board.
* * * * * *
"This claim was made pursuant to La. R.S. 22:213.2 and was denied on May 23, 1978, no payment has been made, and more than thirty (30) days has elapsed from the date upon which written notice and Proof of Claim was furnished to defendant. * * *"
The relevant portion of R.S. 22:213.2, upon which plaintiff bases her claim, is the following:
"A. Every insurer authorized to issue policies of health and accident insurance in this state shall offer to all prospective group, blanket, and franchise policyholders at their option a provision in the insurer's health and accident insurance policies which shall state that benefits shall be payable for services rendered for the treatment of mental and/or nervous disorders, under the same circumstances, conditions, limitations, and exclusions as benefits are paid under those policies for all other diagnoses, illnesses, or accidents; * * *."
The rest of the statute prescribes certain conditions to be fulfilled before benefits may be payable, and provides effective dates for the statute.
Defendant-appellant argues that R.S. 22:213.2 does not apply to defendant because the State Employers Uniform Group Benefit Program is not "insurance" subject to the State Insurance Code. In the alternative, defendant argues even if the Benefit Program is subject to the Insurance Code, plaintiff has no cause of action because she is not a "policyholder" under the statute. We agree. We do not decide here whether the state employees benefit program is subject to the Insurance Code. Whether it is or not, plaintiff Wheelahan has neither a cause of action nor a right of action under R.S. 22:213.2. If the state employees benefit program is not subject to the Insurance Code, obviously plaintiff has no cause of action under a statute which is not applicable to defendant. Even if defendant is subject to the Insurance Code, however, plaintiff has no right of action because under R.S. 22:215(A)(1)(a), her employer is the policyholder; she is not. The only parties named by the statute are the insurer and the policyholder.
Although plaintiff does not have a cause of action under R.S. 22:213.2, we must still examine her pleading to see if she has stated a cause of action on any grounds whatsoever. Hero Lands Co. v. Texaco Inc., supra. The only other ground on which plaintiff can claim a right to reimbursement for medical bills would be on the basis of the policy itself (or, assuming defendant is correct in its claim that no "policy" was issued because the benefits program is not "insurance," then on the basis of her contractual agreement with defendant). However, plaintiff has failed to allege coverage of the bills in question, an essential part of an action on an insurance contract. Washington v. Dixie Leasing of New Orleans, Inc., 352 So.2d 363 (La.App. 4th Cir. 1977). Accordingly, she has failed to state a cause of action on that ground.
However, under La.C.C.P. Art. 934, it is mandatory that the trial judge permit an amendment when the grounds of the objection pleaded by the exception are of such a nature as to be removed by amendment. Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir. 1971). The defects in plaintiff's petition could be removed by amendment, and therefore we remand to the district court for an order permitting amendment in accordance with C.C.P. Art. 934. Since the district court's judgment was silent on this point, it must be taken as a refusal to allow amendment, so that we in effect reverse the district court as to this point.
Therefore, for the reasons above, we affirm the district court's dismissal of plaintiff's suit on the ground of no cause of action. However, we reverse the district *579 court's refusal to permit amendment of plaintiff's petition, and we remand the case for issuance of an order allowing amendment in accordance with La.C.C.P. Art. 934.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
REDMANN, J., concurs and assigns reasons.
REDMANN, Judge, concurring.
Plaintiff does not state a cause of action because she does not allege either (1) that the state as insurer did not offer to its "group, blanket, and franchise policyholders at their option" (La.R.S. 22:213.2A) the mental disorder coverage; or (2) that the state offered it and the offer was accepted by some group policyholder and that plaintiff is a member of that group; or (3) that by some express contractual provision the state owes plaintiff the benefits demanded. Ignoring Tabb v. Louisiana Health S. & I. Co., La.1978, 361 So.2d 862, and Rudloff v. Louisiana Health S. & I. Co., La.App. 4 Cir. 1977, 372 So.2d 734, writ granted La., 374 So.2d 662, and applying the statute, we must affirm because plaintiff does not bring herself within the statute or allege other entitlement to the benefits.
Although it seems unlikely that plaintiff could fairly amend her petition to bring her relationship with the state under the excerpted statute, no substantial harm is done by the majority's remand to allow amendment to allege that the contract between the state and plaintiff entitles her to the benefits sought. In any application for further review plaintiff may concede that she has no express other contract and for that reason relies on the statute alone and the state's position as the insurer of state employees.