419 So.2d 977 (1982)
Joe L. McPHAIL, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU RICE, INC. et al., Defendants-Appellees.
No. 82-6.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
Writ Denied October 29, 1982.
John E. Jackson, Jr., New Orleans, for plaintiff-appellant.
Reggie, Harrington & Boswell, Oscar W. Boswell, II, Crowley, Bean & Rush, Ernest L. Parker, Lafayette, Devillier & Ardoin, Veil D. Devillier, Eunice, Rozas, Manuel, Fontenot & McGee, J. Jake Fontenot, Mamou, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
This is a suit for damages for breach of an employment contract. Louisiana Farm Bureau Rice, Inc. (hereafter, Farm Bureau), and the individual members of its board of directors, Roland R. Faulk, Edwin L. Leonards, H. P. Wemple, Ronnie J. Sonnier, Alvin Hebert, Chester Faulk, James R. Friesen, Friesen Farms, Inc., Edmond Zaunbrecher, H. G. Hardee, Jr., Charles Hensgens, Jr., Glenn Landreneau, Bobbie Soileau, Bradley Hanks and Robley J. Foret, are named as defendants. Farm Bureau filed answer to plaintiff's petition generally denying the allegations thereof. The individual defendants responded to plaintiff's petition by filing exceptions of no cause of action. The exceptions were ultimately sustained resulting in the dismissal of plaintiff's suit as against the individual defendants.[1] Plaintiff has appealed.
The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of his petition. The exception is triable *978 on the face of the petition, and for purposes of its determination, all well pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Wheelahan v. State Through Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir. 1979). We summarize the well pleaded facts set forth in plaintiff's petition, as amended, with attachments.
Plaintiff, Joe L. McPhail, entered into an employment contract with Farm Bureau on July 1, 1976 to be its general manager until July 30, 1981. By the terms of the contract plaintiff's employment could be terminated prior to July 30, 1981 for, among other reasons, his "failure to perform his duties in a satisfactory manner as may reasonably by (sic) expected of a manager in his position". In late October of 1977 plaintiff received a letter from Farm Bureau dated October 28, 1977, advising him that his employment had been terminated as a result of a unanimous vote of the board of directors of Farm Bureau. The aforementioned letter reads in pertinent part as follows:

"This letter will serve as formal written notice of the termination of your employment relationship with Louisiana Farm Bureau Rice, Inc. This termination is the result of a unanimous vote of the Board of Directors of Louisiana Farm Bureau Rice, Inc., which came about as a result of a determination by the entire Board that you have failed to perform the duties incumbent upon you as general manager of Louisiana Farm Bureau Rice. Inc. in a satisfactory manner...." (Emphasis ours)
In his petition plaintiff alleges that the aforesaid statement, as to his failure to perform the duties as general manager in a satisfactory manner, is totally false and without foundation and proceeded from some motive of ill will, bad faith and/or unlawful conduct on the part of the individual defendants, who well knew that such declaration was without basis in truth or fact. Finally, plaintiff alleges, on information and belief, that the motive behind defendants wrongful conduct included the fact that Farm Bureau was a failing business and in order to avoid further economic losses to either Farm Bureau or the individual defendants, he was fired.
Although some question could be raised as to whether the latter allegations are conclusions as opposed to well pleaded facts, we assume the truthfulness of these allegations for purpose of our decision.
In sustaining defendants' exceptions the trial judge concluded that plaintiff's petition, as amended, sought to impose on the individual officers and directors personal liability for corporate acts contrary to settled law. On appeal appellant, although conceding correctness of the general legal principle that corporations are separate legal entities, therefore their shareholders and directors cannot be held personally liable for corporate acts, finds error in the failure of the trial court to conclude that the actions of the individual defendants in this case constitutes a fraud practiced on plaintiff which renders them individually liable for the damages suffered as a result of the breach by Farm Bureau of the employment contract. As we understand appellant's argument, he contends that defendants' action, as members of the board of directors of Farm Bureau, in voting for his termination, when each knew that the premise relied upon for his termination was false, committed a fraud upon him within the intendment of C.C. Article 1847(5) which renders them individually liable pursuant to the provisions of LSA-R.S. 12:95. We disagree.
C.C. Article 1847 reads in pertinent part as follows:
"Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other. From which definition are drawn the following rules:
1. Error is an essential part of the definition; an article [artifice] that can not deceive can have no effect in influencing the consent, and can not injure the validity of the contract.

*979 2. The error must be on a material part of the contract, that is to say, such part as may reasonably be presumed to have influenced the party in making it; but it needs not be the principal cause of the contract, as it must be in the case of simple error without artifice.
....
5. It must be caused or continued by artifice, by which is meant either an assertion of what is false, or a suppression of what is true, in relation to such part of the contract as is stated in the second rule....."
It is well settled that intent to defraud and loss or damage or strong probability of loss or damage are two essential elements to constitute legal fraud. Hall v. Arkansas Louisiana Gas Company, 368 So.2d 984 (La.1979), appeal after remand, 379 So.2d 1142 (La.App. 2nd Cir. 1980), writ denied, 383 So.2d 800, certiorari denied, 449 U.S. 1109, 101 S.Ct. 916, 66 L.Ed.2d 838, affirmed in part, vacated in part on other grounds and remanded, 453 U.S. 571, 101 S.Ct. 2925, 69 L.Ed.2d 856.
In Altex Ready-Mixed Concrete Corp. v. The Employers Commercial Union Insurance Company et al., 308 So.2d 889 (La.App. 1st Cir. 1975), writ refused 312 So.2d 872 (La.1975) the court stated:
"Under the Civil Code, corporations are separate legal entities, and their shareholders can not be individually compelled to pay the debts of the corporation. Articles 435 and 437, Civil Code. However, officers, directors and shareholders of a corporation can become personally liable to those who suffer loss because of fraudulent misrepresentations made by the officers, directors or shareholders on behalf of the corporation. R.S. 12:95; Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., 227 So.2d 265 (La.App. 2 Cir. 1969).
Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, and to obtain some unjust advantage or to cause loss or inconvenience to the other. Article 1847, Civil Code.
Article 1848 of the Civil Code provides:
`Fraud, like every other allegation, must be proved by him who alleges it, but it may be proved by simple presumptions or by legal presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence.'"
In the instant case we determine that the allegations of plaintiff's petition do not allege legal fraud on the part of the individual defendants in that such petition fails to allege facts tending to establish that defendants made any material misrepresentation designed to deceive plaintiff. McPhail could not have been deceived by the statement made to him that his performance under the contract was unsatisfactory or by defendants' action in voting to terminate his employment. No fraud was practiced on plaintiff. He was not deceived or misled by the statement to his detriment. The contract of employment was between Mr. McPhail and Farm Bureau. If the termination of his employment was unjustified, he has his remedy against Farm Bureau for breach of contract.
For the reasons assigned the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] On two separate occasions, the trial court sustained exceptions of no cause of action filed on behalf of the individual defendants and ordered plaintiff to amend his petition or suffer dismissal of his action. Following each of the amendments, peremptory exceptions of no cause of action were filed and sustained.