542 So.2d 56 (1989)
BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS, Through Dennis P. JUGE
v.
Nick NEYREY, Jr.
No. 88-CA-2057.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
Rehearing Denied May 17, 1989.
*57 Ernest N. Morial, Donna D. Fraiche, Sandra A. Vujnovich, Brook, Morial, Cassibry, Fraiche & Pizza, New Orleans, for Louisiana Bd. of Examiners of Certified Shorthand Reporters, plaintiff-appellee.
Ernest E. Barrow, II, Grant & Barrow, Gretna, for Nick Neyrey, Jr., defendant-appellant.
Before SHORTESS, CARTER and LINDSAY, JJ., ad hoc.
LINDSAY, Judge ad hoc.
The plaintiff in reconvention, Nick Neyrey, appeals a trial court judgment sustaining an exception of no cause of action filed by the defendants in reconvention, the Board of Examiners of Certified Shorthand Reporters and its individual members, Stephen R. Plotkin, Denis P. Juge, Helen Deitrich, George Barbato, Jr., Rose Marie Bye, *58 Sandra Tremel and Donald Mellina. For the following reasons, we reverse and vacate the trial court judgment and remand this case to the trial court for further proceedings.[1]

FACTS
The Board of Examiners of Certified Shorthand Reporters was created in 1970 for the purpose of overseeing the practice of shorthand reporting as a profession. LSA-R.S. 37:2551. The Board has authority to determine the qualifications of shorthand reporting, make rules for examination of applicants, and issue certified shorthand reporter certificates to qualified individuals. LSA-R.S. 37:2554.
In 1983, the Board received an anonymous complaint that Neyrey was engaged in taking depositions without certification by the Board. The Board conducted an investigation into the complaint and obtained an opinion from the attorney general that Neyrey's activities were prohibited by the statutes which govern the regulation of court reporters by the Board. The Board held a hearing and requested that Neyrey voluntarily cease taking depositions without proper certification from the Board. Neyrey refused.
On August 8, 1985, the Board filed suit against Neyrey seeking an injunction to prohibit him from the practice of general or freelance reporting in Orleans Parish without a properly issued certificate.
Neyrey answered the petition. He admitted taking the deposition by means of audio visual recording equipment, but asserted that he was not engaged in shorthand reporting within the statutory definition of that term and therefore he was not subject to regulation by the Board. In addition, Neyrey filed a reconventional demand for damages against the Board and its individual members.

PRIOR DECISION
A hearing on the injunction was held on May 28, 1986. At the hearing, many of the facts were stipulated. It was stipulated that Neyrey was domiciled and works in Jefferson Parish and that he does not have a certificate from the Board and is not a certified shorthand reporter. Neyrey is engaged in taking depositions by means of audio video recordings. Parties to the depositions agree to this method. On July 28, 1983, Neyrey took a deposition and administered an oath to the deponent in New Orleans and transcribed the deposition in Jefferson Parish. It was further stipulated that on November 10, 1984, the Board found Neyrey to be in violation of LSA-R. S. 37:2556(B)(1) which prohibits general or freelance reporting in parishes with a population of more than 500,000 without a certificate from the Board. It was stipulated that the population of Orleans Parish exceeds 500,000, that LSA-R.S. 37:2554 established the Board of Examiners of Certified Shorthand Reporters, and that LSA-R.S. 37:2555 had been amended.
At the hearing, Neyrey contended that the Board lacked the statutory authority to regulate audio visual recording of depositions. He contended that he was not taking depositions by shorthand reporting within the definition contained in the statute. He also argued that the parties to the deposition stipulated that he could take the deposition, thus avoiding the requirement of LSA-C.C.P. Art. 1434, which provides that a deposition must be taken before a person authorized to administer oaths.
Following the hearing, the trial court took the case under advisement. On August 22, 1985, the trial court rendered a judgment permanently enjoining Neyrey from taking depositions without a certificate from the Board of Examiners.
In written reasons for judgment, the trial court found that the Board did have the authority to investigate Neyrey's activities in taking depositions without Board certification and to regulate those activities. The court also stated that the Board had the *59 authority to obtain an injunction against Neyrey until he became properly certified by the Board.
The trial court found that the Board had authority over court reporting performed in a courtroom and also over general or free-lance reporting. The court stated that LSA-R.S. 37:2556(B)(2) defined general or free-lance reporting to cover any person engaged in the reporting of depositions, sworn statements, public hearings or proceedings, whether self-employed or through any business, firm, corporation or agency engaged in the reporting of depositions, sworn statements, or public hearings or proceedings.
The court also found that the defendant violated the provisions of LSA-C.C.P. Art. 1434. That article requires that depositions shall be taken before an officer authorized to administer oaths who is not an employee or attorney of any of the parties or otherwise interested in the outcome of the case. The court found that authorization to administer oaths was conferred by means of proper certification by the Board of Examiners under LSA-R.S. 37:2554(E) and, therefore, because Neyrey lacked certification, he was unauthorized to report matters required to be taken under oath. The court also considered Neyrey's argument that LSA-C.C.P. Art. 1436 provided that the parties to a deposition could stipulate in writing that the deposition could be taken by any person, not just a person authorized to administer oaths. The court found that the parties involved in the deposition in question did not sign a written stipulation and therefore Neyrey's argument that he was exempt from the requirement of LSA-C.C.P. Art. 1434 was meritless.
Therefore, the trial court permanently enjoined Neyrey from taking depositions without certification by the Board.
Neyrey appealed that decision, urging numerous assignments of error. Neyrey argued the trial court erred in finding that his activities fell under the definition of general or free-lance reporting contained in LSA-R.S. 37:2555(B)(2) and in failing to recognize that the parties to the deposition agreed to allow Neyrey to administer the oath to the deponent. Neyrey also argued that the trial court erred in finding that under LSA-R.S. 37:2551 et seq. the Board had authority to regulate his court reporting activities. Further, Neyrey asserted that the trial court erred in not finding the statute to be unconstitutional because its application was limited to parishes with populations over 500,000. He also contended that the trial court erred in failing to find that the Board did not properly notify him of its findings during the original investigatory hearings.
The case was argued before a panel of this court on April 3, 1987. At argument, the Attorney General's Office by letter informed the court that portions of LSA-R.S. 37:2551, et seq. had been amended by Acts of 1986, No. 365 which became effective January 1, 1987.
The amendments contained in Act 365 deleted the application of the statutes only to parishes with populations over 500,000. The act also indicated that the statutes were not applicable to court reporting by means of video tape or electronic recording.
On July 8, 1987, this court rendered a decision in the case. Board of Examiners of Certified Shorthand Reporters, Through Juge v. Neyrey, 511 So.2d 463 (La.App. 4th Cir.1987), writ denied 514 So. 2d 460 (La.1987). In its opinion, the court only dealt with Neyrey's assignment of error which concerned the Board's authority to enjoin him from practicing court reporting by means of video and electronic recording without certification by the Board. The court found that the legislature intended to exempt video and electronic recording from the operation of the statute and regulation by the Board and therefore the injunction against Neyrey could not be upheld. The court stated, "In accordance with that legislative intent we find that the provisions of R.S. 37:2551 et seq. do not and did not apply to court reporting by means of video tapes or electronic recording." The court reversed the trial court judgment, invalidated the injunction against Neyrey and remanded the case to the trial court for consideration of Neyrey's *60 reconventional demand. In a concurring opinion, Judge Barry stated, "The issue on remand is damages."

RECONVENTIONAL DEMAND
On remand, the trial court considered the allegations asserted in Neyrey's reconventional demand. Neyrey sought to recover damages from the Board and its individual members. There are three grounds upon which Neyrey bases his claim for damages.
First, Neyrey claims that he was never subject to regulation by the Board. He contends that the Board violated the statutes which allow regulation of shorthand reporting, in that the Board exceeded the authority granted to it and attempted to enforce, under color of state law, provisions not set forth in the statutes. He claims that by virtue of the action of the Board and its members in enjoining his court reporting activities, he suffered loss of income, defamation and invasion of privacy.
Second, Neyrey argues the Board was selective in its enforcement of the statute by proceeding against him alone even though there were numerous other businesses in the area engaged in the taking of video taped depositions.
Finally, Neyrey argues that under 42 U.S.C. § 1983, his constitutional rights were violated by the Board and its individual members under color of state law and through their alleged misuse of power which they possessed by virtue of state law.
On the basis of these claims, Neyrey contends that the Board and its individual members are indebted to him for damages, including restriction of livelihood, harm to reputation and restraint of his civil rights by unlawfully depriving him of his livelihood under color of state law in an arbitrary and capricious manner.

EXCEPTIONS
In response to Neyrey's reconventional demand, the Board and its individual members filed numerous exceptions.

Declinatory Exceptions
Two individual members of the Board filed declinatory exceptions to Neyrey's reconventional demand. Sandra Tremel, a member of the Board at the time these facts occurred, filed an exception of lack of personal jurisdiction. Tremel asserted that she was not a resident of Louisiana and did not receive service of process of Neyrey's reconventional demand. As a nonresident, she claimed the trial court lacked personal jurisdiction over her and she is not subject to jurisdiction under the long-arm statute.
Donald Mellina, another member of the Board, filed an exception of insufficiency of service of process. Mellina claimed he was not served with the reconventional demand. The record does not contain a return of service of process on either Tremel or Mellina.

Dilatory Exception
The individual members of the Board filed a dilatory exception of improper joinder of parties. In the main demand by the Board against Neyrey, the Board was the sole plaintiff. The members of the Board, in their individual capacities, were not plaintiffs. In Neyrey's reconventional demand, he named not only the Board but each individual member as a defendant in reconvention.
The individual Board members claimed that additional parties cannot be joined to the suit by a reconventional demand without a court order under LSA-C.C.P. Art. 1064, which provides that when the presence of parties other than those to the principal action are required for the granting of complete relief in a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained. In this case, the individuals argue that because Neyrey had no court order for joinder of additional parties to the suit, they were not properly joined.

Peremptory Exceptions
The Board and its members also filed peremptory exceptions of prescription and no cause of action.
*61 As to the exception of prescription, the Board and its members argued that this is a tort suit subject to a one year prescriptive period and that since Neyrey filed his reconventional demand on February 18, 1986, any events occurring prior to February 18, 1985 would be barred by prescription.
The Board and its individual members also filed an exception of no cause of action attacking the grounds raised in Neyrey's reconventional demand.
The Board and its members argued that at the time they investigated and obtained an injunction against Neyrey's audio visual recording activities, they were acting with full authority granted them in LSA-R.S. 37:2551 et seq. They contend that because their activities were carried out prior to the enactment of the Acts of 1986 No. 365 § 4, which provided that the statute did not apply to audio visual recording, they had full statutory authority to regulate Neyrey's reporting activities, to require him to be certified by the Board and to enjoin him from reporting without the certification.
The Board and its individual members went on to argue that they were acting legally and in good faith when they took action against Neyrey. They obtained an Attorney General's opinion that Neyrey's actions were not authorized. Therefore, they argue, the Board was acting under proper authority when it investigated and took action against Neyrey.
In response to Neyrey's claim that the Board was selectively enforcing the regulatory statutes and singling him out for regulation when others were not, the Board asserted that to maintain a claim for selective enforcement, Neyrey had to allege that an unjustifiable standard was utilized in the decision to proceed against him. The Board argued that Neyrey failed to allege that such a standard was used nor did he allege purposeful or intentional discrimination against him.
The Board also argued that Neyrey alleged no facts supporting the claim of arbitrary or capricious behavior on the part of the Board or its members.
The Board pointed out that they did not select Neyrey for investigation; his activities were brought to their attention by a complaint.
Neyrey also claimed that the Board and its members, by their actions in this case, improperly acted under color of state law to deprive him of his livelihood and invade his privacy, thus violating his civil rights. He claimed that under 42 U.S.C. § 1983 he was entitled to damages.
The Board and its members also challenged Neyrey's claim for damages under 42 U.S.C. § 1983 and his assertion that they acted improperly under color of state law to deprive him of his livelihood and invade his privacy, thus violating his civil rights. The Board and its members contend that under 42 U.S.C. § 1983, Neyrey must show that there was a breach of duty imposed by state law and that the breach had a causal connection to a constitutional deprivation. Neyrey was required to allege facts demonstrating that the Board and its members caused a deprivation of his Constitutional rights. The Board argued that Neyrey alleged no such facts supporting his claim for invasion of privacy or facts showing that he actually sustained damage.
The Board alone alleged that Neyrey cannot urge a Section 1983 action against it because such actions can be maintained only against an individual.
Finally, the Board and its members claimed that Neyrey has no cause of action against them because they are protected by governmental immunity, relying upon LSA-R.S. 13:5108.2(B) and LSA-R.S. 37:2557(B).
LSA-13:5108.2(B) provides that the state holds harmless and indemnifies public officials for actions brought against them while working within the scope of their employment.
In addition, LSA-R.S. 37:2557(B), effective January 1, 1987, provides a non-liability clause which specifies that neither the Board nor its members, individually or in their official capacities, shall be liable for undertaking an investigation or for subsequent actions when acting in good faith *62 under the statutes dealing with certified shorthand reporting. The Board argues that this clause went into effect at the same time the exemption for video and electronic recording went into effect and that if the exemption is to be given retroactive application, then so should the non-liability clause.

THE TRIAL COURT JUDGMENT
In the trial court, a hearing was held on the declinatory and dilatory exceptions, the peremptory exception of prescription and the exception of no cause of action. All declinatory and dilatory exceptions were sustained and Neyrey was given thirty days to remove the grounds for the objections or have his action dismissed.
The peremptory exception of prescription was overruled. The Board did not answer the appeal or object to the trial court ruling regarding the exception of prescription. Therefore, that issue is not before the court on appeal.
In a judgment filed May 24, 1988, the trial court sustained the exception of no cause of action and dismissed Neyrey's reconventional demand. The trial court also ruled that because the exception of no cause of action was sustained, the declinatory and dilatory exceptions were rendered moot.
In sustaining the exception of no cause of action, the court said the actions taken by the Board were authorized by the law at the time, were in good faith, under color of legal authority and in furtherance of a legitimate state interest. Under these circumstances, the Board was entitled to the good faith defense to Neyrey's claim. The court also said that Neyrey could not remove the grounds for the exception of no cause of action by amending the pleadings.

THE PRESENT APPEAL
Neyrey appealed the trial court judgment, arguing that this court's previous appellate decision, setting aside the injunction, constituted a finding that LSA-R.S. 37:2551 et seq. never applied to him and therefore the Board never had the legal authority to investigate and enjoin him from taking video taped depositions. He claims that the actions of the Board against him constituted a tort, that he was damaged by those actions and he therefore has a cause of action against the Board and its members for damages. On appeal, he argues no additional facts to support his claims of defamation, deprivation of livelihood and deprivation of civil rights under color of state law. Neyrey also argues that he should be given an opportunity to amend his pleadings if they are found to be deficient.

THE EXCEPTION OF NO CAUSE OF ACTION
In reasons for judgment, the trial court sustained the Board's exception of no cause of action, reasoning that the Board was in good faith when it took action against Neyrey and therefore Neyrey's damage claim was barred by governmental immunity. The court further reasoned that because the Board was immune from Neyrey's suit for damages, Neyrey had no cause of action and could not amend his claim to set forth a cause of action. We find the trial court erred in its reasoning and accordingly we reverse the judgment sustaining the Board's exception of no cause of action.

Legality of Board Action and Governmental Immunity
In argument, the Board and its members urged that at all times the actions taken by them against Neyrey were in good faith and were legally within the authority granted to them at the time the injunction was sought. Contrary to the position of the Board and its members, however, we find that the Board's action did not fall within the authority granted to it by the statutes in existence at that time. We also find that, although the Board may have an affirmative defense of good faith against Neyrey's claim, a decision as to the presence or absence of good faith cannot be made when ruling upon an exception of no cause of action.
First, we address the claim of the Board and its members that Neyrey's activities in *63 taking video taped depositions fell under the regulation of the Board at the time the injunction was sought against Neyrey. This issue was considered by a panel of this court on the appeal from the injunction. Board of Examiners v. Neyrey, supra. The court found that the statutes "did not and do not" give the Board the authority to require Neyrey to obtain a license.
Under Acts of 1986, No. 365 § 4, the legislature stated that it did not intend video and electronic recording of depositions to be regulated by the Board of Certified Shorthand Reporters. Although this court's prior opinion may be read to give retroactive application to the Act, nevertheless, and irrespective of the provisions of the Act, it appears that Neyrey's activities were not subject to regulation by the Board under the statutes in effect when the injunction was obtained against him.
The statutes provide that the Board is to regulate shorthand reporting. LSA-R.S. 37:2555 defines shorthand reporting as follows:
A. The practice of shorthand reporting is defined as the making, by written symbols or abbreviations in shorthand or machine writing, or stenomask voice recording of a verbatim record of any oral court proceeding, public hearing, deposition, or proceeding.
It is clear from this definition that Neyrey's actions in video taping depositions did not involve the making of a verbatim record by written symbols or abbreviations by shorthand, machine writing or stenomask voice recording.
The same statute, LSA-R.S. 37:2555, goes on to define two classifications of shorthand reporting, i.e., official court reporting and general or freelance reporting. General or freelance reporting is defined as:
(B)(2) Any person engaged in the reporting of depositions, sworn statements, public hearings or proceedings, whether self-employed or through any business, firm, corporation or agency, engaged in the reporting of depositions, sworn statements or public hearings or proceedings.
The Board and its members relied on this definition of general and freelance reporting to argue that Neyrey's activities fell under the regulation of the Board. However, when the statute is read as a whole, it is clear that Neyrey was not engaged in general or freelance shorthand reporting. Also, we note that in the hearing on the injunction, the trial court found that depositions must be taken before a person authorized to administer oaths. The court reasoned that in order for Neyrey to be authorized to administer oaths he must have a certificate from the Board. However, this reasoning was in error because the law does not require that the person who mechanically takes the deposition must administer the oath. It may be administered by a notary public or other official authorized to administer oaths. LSA-R.S. 35:2(B) Therefore, the Board did not have authority to regulate Neyrey's activities simply because he did not have Board authority to administer oaths.
Based upon these statutes and upon the prior decision of this court in the instant case, we must conclude that the Board and its members were without state authority to regulate Neyrey's audio visual recording of depositions.[2]
*64 A second and related argument made by the Board and its members is that, because they acted in good faith in seeking an injunction against Neyrey, believing they had statutory authority to take such action, they are entitled to governmental immunity. However, a decision as to whether the Board and its members were in good faith requires a consideration of evidence and, for the reasons set forth below, this is not an issue properly raised or decided on an exception of no cause of action. Although the Board and its members may very well be able to prove the affirmative defense of good faith at the trial on the merits of this case, we cannot make a ruling on an exception of no cause of action as to whether such a defense has been proved.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the pleading setting forth the claim or demand. The exception is triable on the face of the pleadings, and, for the purpose of determining the issues raised by the exception, the well pleaded facts in the pleading must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984); Geist v. Martin Decker Corporation, 313 So.2d 1 (La.App. 1st Cir.1975); Kaufman and Enzer Joint Venture v. Bethlan Production Corporation, 459 So. 2d 60 (La.App. 2d Cir.1984); Fabre v. Kaiser Aluminum and Chemical Corporation, 446 So.2d 476 (La.App. 4th Cir.1984).
The petition must set forth material facts upon which the cause of action is based. Conclusions of law or fact will not be considered. LSA-C.C.P. Art. 891; Wheelahan v. State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir.1979).
An exception of no cause of action is appropriately sustained only when, assuming the plaintiff's allegations to be true, the plaintiff has not stated a claim for which he can receive a remedy under the applicable substantive law. Kaufman and Enzer Joint Venture v. Bethlan Production Corporation, supra.
No evidence is admissible on an exception of no cause of action and the exception must be overruled unless the allegations affirmatively establish that the plaintiff has no cause of action under all facts admissible under the pleadings and unless the allegations exclude every reasonable hypothesis of facts other than those showing the plaintiff cannot recover, as a matter of law, on any ground whatsoever. Geist v. Martin Decker Corporation, supra.
When a pleading states a cause of action as to any ground or a portion of the demand, the exception of no cause of action must be overruled. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980).
When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. Owens v. Martin, 449 So.2d 448 (La.1984).
In the present case, the Board and its members seek to assert an affirmative defense of good faith. However, determination of the presence or absence of good faith requires consideration of evidence. LSA-C.C.P. Art. 931 precludes consideration of evidence on an exception of no cause of action. Goldstein v. Serio, 496 So.2d 412 (La.App. 4th Cir.1986), writ denied 501 So.2d 208 (La.1987). It appears that the trial court based its decision as to the presence of good faith on factors outside the pleadings and therefore the court's ruling that the Board and its members were in good faith and therefore immune from liability was not proper and must be reversed.
The Board and its individual members argue that they were in good faith and were therefore immune from liability. They rely mainly on the 1986 amendment to LSA-R.S. 37:2557(B) which provides that neither the Board nor its members, individually or in their official capacities, shall be liable for undertaking an investigation or for subsequent actions when acting in good faith. The Board and its members argue for retroactive application of the amendment. However, even without this provision in the statute, the individual members *65 of the Board are entitled to a good faith defense.
Historically and traditionally, our jurisprudence has held that there is no personal liability on the individual members of a public body or agency, who are public officials or officers, when they act in good faith and without malice, as the official action of the members becomes merged in the official body as an entity. But, if an individual member acts outside his strict authority, he breaches the condition of his immunity and is liable to a civil action in damages to persons harmed by his improper conduct. Vincent v. State through the Department of Corrections, 468 So.2d 1329 (La.App. 1st Cir.1985), writ denied 472 So.2d 34 (La.1985); Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060 (La.App. 1st Cir.1979), writ denied 373 So.2d 527 (La.1979); Strahan v. Fussell, 218 La. 682, 50 So.2d 805 (1951). In order to state a course of action, however, the plaintiff must allege malice or bad faith. Godwin v. East Baton Rouge Parish School Board, supra.
Neyrey's reconventional demand does not allege that the Board or its members acted in bad faith and for that reason it does not state a cause of action. However, LSA-C.C.P. Art. 934 provides that if the grounds for an exception of no cause of action can be removed by amendment, the plaintiff is to be allowed the opportunity to do so.
In the present case, the trial court, in its reasons for judgment, stated that it was not possible for Neyrey to amend his reconventional demand to state a cause of action because the Board and its members were immune from liability due to their good faith. Because the trial court incorrectly decided that the good faith defense had been established, Neyrey was apparently not given an opportunity to amend his reconventional demand. We are unable to presume at this time that Neyrey will not be able to allege sufficient facts to state a cause of action. Therefore, he must be given an opportunity to attempt to amend his reconventional demand to state a cause of action against the Board and its members.

Selective Enforcement
Neyrey claimed in his reconventional demand that the Board was selectively enforcing the regulatory statutes against him, while failing to regulate others in the area who were engaged in the business of taking video taped depositions. The Board and its members argued that Neyrey failed to state a claim on which relief could be granted. They argue that in order to state a cause of action for selective enforcement, Neyrey was required to allege that an unjustifiable standard was utilized against him, that the Board's actions constituted purposeful or intentional discrimination and that the members' behavior toward him was arbitrary and capricious.
In his reconventional demand, Neyrey makes the following allegations against the Board and its individual members:
By alleging a complaint had been filed upon which they were acting when in truth and fact the Commission was conducting an investigation on its own initiation which was directed at Nick Neyrey, Jr. and for which investigation the sole purpose was to deprive Nick Neyrey, Jr. of any and all reputation and livelihood in this field.
The claim of selective enforcement of the law urges a denial of equal protection under the United States and Louisiana constitutions. The conscious exercise of some selectivity in enforcement is not in itself a constitutional violation. In order to allege grounds supporting a denial of equal protection, it must be stated that the selection was deliberately based on an unjustifiable standard such as race, religion or other arbitrary classification. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); State ex rel. Guste v. K-Mart Corporation, 462 So.2d 616 (La.1985).
Neyrey has failed to allege that the Board's actions against him were based upon an unjustifiable standard and therefore he has failed to state a cause of action for selective enforcement. However, he may be able to eliminate this ground for *66 the exception of no cause of action and must be allowed an opportunity to make an amendment to his pleadings.

Section 1983 Action
Neyrey alleged in his reconventional demand that under 42 U.S.C. § 1983, the Board and its individual members were liable to him under for deprivation of his constitutional rights color of state law. The Board argues that Neyrey has not and cannot state a cause of action against it because the Board is an arm of the state and the state is not a person subject to suit under Section 1983. For the following reasons, we agree that Neyrey has not and cannot state a cause of action against the Board under Section 1983.
42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
States and arms of state government are not persons who may be sued under this section. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Cheramie v. Tucker, 493 F.2d 586 (Fifth Circuit 1974), cert. denied 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974). State agencies are defined in LSA-R.S. 13:5102 as any board, commission, department, agency, special district, authority, or other entity of the state. Therefore, the Board itself is immune from suit under Section 1983.
However, the individual members of the Board are not immune from suit under this section. In support of their exception of no cause of action, the individual members argue that Neyrey was required to allege facts showing that they breached some duty imposed by state law and the breach had a causal connection with a constitutional deprivation. This argument has merit.
There are two essential elements of any Section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law, and second, this conduct must have deprived the plaintiff of rights, privileges and immunities secured by the United States Constitution or laws of the United States. Augustine v. Doe, 740 F.2d 322 (5th Cir. 1984).
In order for a plaintiff to state a cause of action under Section 1983, he must allege facts, which, when taken as true, state that the defendant has caused the plaintiff to be subjected to a deprivation of his constitutional rights. Touchton v. Kroger Company, 512 So.2d 520 (La.App. 3rd Cir.1987).
The constitutional rights allegedly invaded, warranting an award for damages must be specifically identified; conclusory allegations will not suffice. Wise v. Bravo, 666 F.2d 1328 (10th Cir.1981). Some particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under Section 1983. Cohen v. Illinois Institute of Technology, 581 F.2d 658 (7th Cir.1978), cert. denied 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979).
Examination of Neyrey's reconventional demand reveals that, as to his claim for damages under Section 1983, he has made only conclusory allegations and has not particularized the facts demonstrating a constitutional deprivation under color of state law. Therefore, we conclude that the individual members of the Board are correct in their assertion that Neyrey has failed to state a cause of action against them. However, the grounds for this exception could possibly be removed by amendment of the pleadings and Neyrey must be given this opportunity.

DECLINATORY AND DILATORY EXCEPTIONS
In addition to the peremptory exception of no cause of action, several of the defendants in reconvention filed exceptions of *67 lack of personal jurisdiction, improper service of process and improper joinder of parties. The record indicates that in its written reasons the trial court originally sustained these exceptions, but gave Neyrey time to amend his pleading to eliminate the grounds for the objections. The record reflects that Neyrey took no action in this regard. However, in pronouncing judgment, the trial court did not dismiss any portion of Neyrey's suit, even though Neyrey had not taken any steps to cure the alleged objections raised by the declinatory and dilatory exceptions. Rather, the trial court reasoned that because the exception of no cause of action was sustained, the other exceptions were deemed moot.
In this appeal, Neyrey did not challenge the court's rulings on the declinatory and dilatory exceptions. Because Neyrey failed to take any action to remove the grounds for the objections and because he did not object to the rulings on appeal, it might appear that under LSA-C.C.P. Arts. 932 and 933, dismissals might be in order.
However, LSA-C.C.P. Art. 2164 gives an appellate court authority to render any judgment which is just, legal and proper upon the record on appeal. This means the court can render any judgment supported by the pleadings and the evidence. Morgavi v. Mumme, 270 So.2d 540 (La.1972). Consideration and decision as to these exceptions is necessary for a full and fair adjudication of this case.
As to the exceptions of lack of jurisdiction over the person of Sandra Tremel and the exceptions of lack of service of process as to both Donald Mellina and Ms. Tremel, Neyrey must be given additional time to remedy the grounds for these exceptions. If he does not, then the trial court may render a judgment dismissing Neyrey's claims against these two defendants in reconvention.
The exception of improper joinder of parties filed by the individual members of the Board is overruled. The individual members argued that Neyrey could not join third parties to a suit by means of a reconventional demand absent a court order under LSA-C.C.P. Art. 1064. That article provides:
When the presence of parties other than those to the principal action is required for the granting of complete relief in the determination of a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained.
Comments to this article, as well as the provisions of LSA-C.C.P. Arts. 1031,[3] indicate that Neyrey's action in joining the individual members of the Board in his reconventional demand was proper. A court order would be required under LSA-C.C.P. Art. 1064 only if Neyrey failed to join the parties to the action.

CONCLUSION
For the above stated reasons, we vacate the trial court judgment sustaining the exception of no cause of action filed by the Board and its individual members and remand for further proceedings in accordance with this opinion.
In summary, the judgment of this court is as follows.
The exception of lack of jurisdiction over the person of Sandra Tremel and the exceptions of lack of service of process as to Donald Mellina and Sandra Tremel should be sustained. However, the plaintiff in reconvention, Nick Neyrey, is given thirty days from the finality of this judgment to remove the objections raised by those exceptions.
The exception of improper joinder of parties by the individual members of the Board is overruled.
As to the Board, Neyrey cannot state a cause of action under 42 U.S.C. § 1983, nor can he amend his pleadings to do so. Nevertheless, we do not enter a dismissal of this claim because partial exceptions of no cause of actions are not authorized. However, as to the individual members of *68 the Board, we also find that Neyrey has failed to state a cause of action under 42 U.S.C. § 1983, but we allow Neyrey thirty days from the finality of this judgment to amend his pleadings.
Neyrey has failed to state a cause of action against the Board and its individual members for selective enforcement of the state statutes regulating shorthand reporters, but he is granted thirty days from the finality of this judgment to amend his pleadings.
Neyrey has also failed to state a cause of action against the Board and its individual members under state law because he has failed to allege facts showing that the Board and its individual members acted in bad faith in proceeding against him. However, the grounds for this exception may be remedied by amendment. Neyrey is given thirty days from the finality of the judgment to make such an amendment.
If, after thirty days from the finality of this judgment, Neyrey has failed to amend his pleadings to state a cause of action on any of the grounds asserted, or has failed to remove the grounds for the declinatory or dilatory exceptions, the defendants in reconvention may seek dismissal of Neyrey's reconventional demand in the trial court.
REVERSED, VACATED AND REMANDED.
NOTES
[1] The judges of the Fourth Circuit Court of Appeal were recused in this case. By order of the Supreme Court dated January 30, 1989, a panel of judges from the First Circuit and Second Circuit Courts of Appeal were appointed to act as judges ad hoc of the Fourth Circuit Court of Appeal to hear this matter.
[2] It is interesting to note that in 1986, prior to the legislative session in which Section 4 of Acts of 1986, No. 365 was passed, exempting video and electronic recording from regulation by the Board, the chairman of the Board, the Honorable Stephen R. Plotkin, authored an article in the Louisiana State Bar Journal, Volume 34, No. 1, entitled "Licensing and Certification of Court Reporters." In that article Judge Plotkin outlined proposals to be submitted to the legislature regarding the Board and its activities and made the following comment concerning the definition of shorthand reporting:

"The second proposal is to expand the definition of shorthand reporting to include any modality whatsoever of a verbatim transcript of any oral court proceeding, public hearing, deposition, or proceeding required to be transcribed by law or ordinance. This would include those reporters who utilize electronic and video recorders, stenomask and computerized stenotyping. (emphasis ours)
This comment indicates that prior to 1986, there was doubt as to whether Neyrey's activities did in fact fall under the defined authority of the Board.
[3] LSA-C.C.P. Art. 1031 provides:

A. A demand incidental to the principal demand may be instituted against an adverse party, a co-party, or against a third person.
B. Incidental demands are reconventional, cross-claims, intervention, and the demand against third parties.