SHORTESS, Judge.
R.A.K. (plaintiff) has been a member of the Louisiana State Employees Group Benefits Program (defendant) since 1978, when he was elected a judge on the Civil District Court for the Parish of Orleans. Louisiana Revised Statute 22:669, enacted by Acts 1981, number 411, section 1, and amended by Acts 1985, number 213, section 1, mandates defendant to offer coverage for mental and nervous disorders under the same circumstances and conditions as benefits for physical illnesses.
In 1983 plaintiff’s son began receiving outpatient psychiatric treatment on a weekly basis, increasing to twice-weekly sessions in 1984 which have continued since that time. Plaintiff was reimbursed for these psychiatric expenses at an 80% level (after the $200.00 deductible) from 1983 to June 30, 1988. In response to adverse loss experiences, defendant adopted certain restrictive changes to its Benefits Program which became effective July 1,1988. Pertinent to this case is the modification which limits reimbursement for outpatient treatment for mental and nervous disorders to $20.00 per psychiatric visit with a limit of 50 sessions per year. This modification has resulted in a significant unreimbursed expense to plaintiff, totaling $15,932.00 as of the trial.
Plaintiff filed suit seeking a judicial determination that he possessed a “vested right” under the law to continue to receive reimbursement for his son’s treatment.[1] After trial, the court rendered judgment which required defendant to reimburse plaintiff for mental and nervous disorder claims at the rate in effect prior to July 1, 1988. The trial court decreed in oral reasons:
that the Board of Trustees of the State Employees Group Benefits Program must continue to reimburse petitioner under the same circumstances and conditions as benefits are paid for all other illnesses, for medical treatment and related expenses incurred on behalf of his child under Act 411 of 1981....
Defendant has appealed. It argues that the trial court erred in holding Revised Statute 22:669 offered any remedy to plain *128 tiff and that it erred in holding that article V, section 21, of the Louisiana Constitution prohibits the reduction of benefits for a judge. Louisiana Revised Statute 22:669(A)(1)[2] provides:
Every person authorized to issue a hospital or medical expense policy, a hospital or medical service contract, an employee welfare benefit plan, a health and accident insurance policy, or any other insurance contract of this type in this state, including a group insurance plan, a self-insurance plan, and the Louisiana State Employees’ Uniform Group Benefits Program,[3] shall offer to the policyholder in all group, blanket, and franchise policies an optional provision in the policy, contract, benefit plan, agreement, or program which states that benefits shall be payable for services rendered for the treatment of mental or nervous disorders, or both, under the same circumstances and conditions as benefits are paid under those policies, contracts, benefit plans, agreements, or programs for all other diagnoses, illnésses, or accidents.
This article replaced former Revised Statute 22:213.2[4] (1976) (repealed by Acts 1981, No. 411, § 2), which provided, in pertinent part:
A. Every insurer authorized to issue policies of health and accident insurance in this state shall offer to all prospective group, blanket, and franchise policyholders at their option a provision in the insurer’s health and accident insurance policies which shall state that benefits shall be payable for services rendered for the treatment of mental and/or nervous disorders, under the same circumstances, conditions, limitations, and exclusions as benefits are paid under those policies for all other diagnoses, illnesses, or accidents .... Clearly, former R.S. 22:213.2 applied to insurers who issued “group, blanket, and franchise” health and accident insurance. Wheelahan v. State, 376 So.2d 576 (La. App. 4th Cir.1979), held that R.S. 22:213.2 did not apply to defendant because Wheela-han was not a group, blanket, or franchise “policyholder” under the statute.
Defendant argues here that Wheelahan is authority for its contention that R.S. 22:669(A) precludes any relief to plaintiff because the only parties named by the statute are the “insurer” and the “policyholder,” and plaintiff fits neither category. Under the prior law, that argument may have, had merit. But as aforesaid, it is no longer the law. Now, under R.S. 22:669(A)(1), the term “[ejvery insurer” has been replaced with the term “[ejvery person.” While R.S. 22:669(A)(3) provides that “[t]his coverage shall apply only to group, blanket, and franchise policies,” the statute specifically includes “the Louisiana State Employees’ Uniform Group Benefits Program.”
The Wheelahan rationale for defining “policyholder” cannot be superimposed upon an R.S. 22:669(A) “policyholder” because the legislature, while it could have been more precise, required the offer of increased benefits for treatment of mental or nervous disorders as “an optional provision in the policy, contract, benefit plan, agreement, or program.”
“Policyholder” was not being used in its usual insurance sense because this statute encompassed more than traditional insurance policies — it specifically included group insurance plans, self-insured plans, and Louisiana State Employees Group Benefits Program. Whether the plan employed a traditional insurance policy or a contract, benefit plan, agreement, or program, the intent of the legislature seems certain to us — the desire to require every form of *129 benefit system or scheme which provided health insurance to give the recipients of those benefits the option of choosing coverage which does not distinguish in benefits between mental and nervous disorders and physical injuries or other type benefits.
Accordingly, we find that the Board of Trustees of the State Employees Group Benefits Program was obligated to provide plaintiff with the option of coverage for mental and physical disorders benefits to the same extent as other benefits were provided under its Benefits Program. Although plaintiff was not given this option, we must assume he would have chosen it had it been offered. Accordingly, we affirm the decision of the trial court[5] in favor of plaintiff at defendant’s costs.
AFFIRMED.

. This case came to us originally on an appeal from the lower court's dismissal of plaintiffs suit on an exception. We reversed and remanded to the trial court for further proceedings. See R.A.K. v. Board of Trustees, 558 So.2d 633 (La.App. 1st Cir.1990).

. The 1985 amendment to LSA-R.S. 22:669 changed "Employees" to "Employees'," added "to the policyholder," added two sentences regarding renewal of the coverage, and divided the statute into paragraphs (1) through (4).

. Although the statute creating the state benefits program, LSA-R.S. 42:871, refers to the "State Employees Group Benefits Program," the state insurance code refers to the program as the “Louisiana State Employees’ Uniform Group Benefits Program."

.By Acts 1990, No. 131, § 1, the Louisiana Legislature enacted a statute numbered 22:213.2 which has no relevance to this action.

. In view of our holding, we pretermit any discussion of defendant’s other assignments of error relating to the applicability of Louisiana Constitution article V, § 21.